.GINAL 

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>**FIRST** CIRCUIT | RETURN AND ACKNOWLEDGMENT<br>OF SERVICE | CASE NUMBER<br>Civ 10-1-1751-08(PWB) |
|---|---|---|

| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors | PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company and DOES 1-250 |
|---|---|

DOCUMENTS SERVED:  1) First Amended Complaint For Damages; Demand for Jury Trial; Summons and
2)Complaint For Damages; Demand For Jury Trial; Summons

I, Sheriff/Police Officer of the State of Hawai'i do hereby certify that I received a certified copy of the documents listed above and that I served the same on *STANFORD CARR DEVELOPMENT, LLC*
(name of party)
on *APRIL 11, 2011*  at *11:45 a.m.*  at *ALAKEA CORPORATE*
(date)          (time)
*TOWER, 1100 ALAKEA ST. 27TH FLOOR HNL HI* within the State of Hawai'i as follows:
(address)  *96813*

☐ PERSONAL: By delivering to and leaving with _____, personally.

☐ SUBSTITUTE: [HRCP 4(d) (1) (A)] After due and diligent search and inquiry, I served above-named defendant through _____, a person of suitable age and discretion then residing at said party's usual place of abode, since the defendant could not be found.

☐ SUBSTITUTE: [HRCP 4(d) (1) (B)] I served above-named defendant through _____, authorized agent to receive service of process for said defendant.

☒ BUSINESS/CORPORATION/GOVERNMENTAL ENTITY: On *STANFORD CARR DEVELOPMENT LLC*
(name of business/corp/entity)
_____ by serving through *RICHARD RIEGELS*,
(name of person served)
_____, who is the *EXEC. V.P.* and authorized agent
(position/title)
of said Business/Corporation/Governmental Entity.

☐ GARNISHMENT:  I served _____ through _____
(name of garnishee)
_____ who is authorized to accept service for the above-named garnishee.
(name of person served)

☐ NOT FOUND:  After due and diligent search and inquiry, I am unable to find _____
(name of party)

| Attorney (Name, I.D. No., Address, Phone)<br>William M. McKeon 3726-0<br>McKeon Imlay Mehling<br>2145 Kaohu Street, Suite 203<br>Wailuku, HI 96793<br>Tel: 808-242-6644/Fax: 808-244-9775 | I do hereby certify that this is a full, true, and correct copy of the original on file in this office.<br><br>_____<br>Clerk, Circuit Court, First Circuit | S. TAMASHIRO<br>CLERK<br>2011 APR 15 PM 1:30<br>1ST CIRCUIT COURT<br>STATE OF HAWAI'I<br>FILED |
|---|---|---|

| Date:<br>4-11-2011 | Sheriff/Police Officer (type or print)<br>WILLIAM McKEON | Signature |
|---|---|---|

FORM NO. 001103 (7/91)                    RETURN AND ACKNOWLEDGMENT OF SERVICE  1C-P-022

| SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE: | NOTARY PUBLIC'S SIGNATURE: | MY COMMISSION EXPIRES: |
|---|---|---|
| IN _____, HAWAIʻI | STATE OF HAWAIʻI | |

## ACKNOWLEDGMENT OF SERVICE

Documen

_____
(signature of person served)                (date)                (time)

_____

_____

# ORIGINAL

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>**FIRST** CIRCUIT | RETURN AND ACKNOWLEDGMENT<br>OF SERVICE | CASE NUMBER<br>C√10-1-1751-08(PWB) |
|---|---|---|

| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors | PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company and DOES 1-250 |
|---|---|

DOCUMENTS SERVED:  1) First Amended Complaint For Damages; Demand for Jury Trial; Summons and 2)Complaint For Damages; Demand For Jury Trial; Summons

I, Sheriff/Police Officer of the State of Hawai'i do hereby certify that I received a certified copy of the documents listed above and that I served the same on *PENINSULA HAWAII KAI LLC*
(name of party)
on *APRIL 11, 2011* at *11:30 a.m.* at *1136 UNION MALL*
(date)                              (time)
*STE 301, HONOLULU HI 96813*                    within the State of Hawai'i as follows:
(address)

❑ PERSONAL: By delivering to and leaving with _____, personally.

❑ SUBSTITUTE: [HRCP 4(d) (1) (A)] After due and diligent search and inquiry, I served above-named defendant through _____, a person of suitable age and discretion then residing at said party's usual place of abode, since the defendant could not be found.

❑ SUBSTITUTE: [HRCP 4(d) (1) (B)] I served above-named defendant through _____ authorized agent to receive service of process for said defendant.

☑ BUSINESS/CORPORATION/GOVERNMENTAL ENTITY: On *PENINSULA HAWAII KAI LLC*
(name of business/corp/entity)
_____ by serving through *JO KAMAE BYRNE* _____,
(name of person served)
_____, who is the *PRESIDENT NATIONAL REGI* and authorized agent
(position/title) *AGENTS OF HI, INC.*
of said Business/Corporation/Governmental Entity.

❑ GARNISHMENT: I served _____ through _____
(name of garnishee)
_____ who is authorized to accept service for the above-named garnishee.
(name of person served)

❑ NOT FOUND:   After due and diligent search and inquiry, I am unable to find _____
(name of party)

| Attorney (Name, I.D. No., Address, Phone)<br>William M. McKeon 3726-0<br>McKeon Imlay Mehling<br>2145 Kaohu Street, Suite 203<br>Wailuku, HI 96793<br>Tel: 808-242-6644/Fax: 808-244-9775 | I do hereby certify that this is a full, true, and correct copy of the original on file in this office.<br><br>Clerk, Circuit Court, First Circuit |
|---|---|

| Date:<br>4-11-2011 | Sheriff/Police Officer (type or print)<br>WILLIAM McKEON | Signature |
|---|---|---|

FORM NO. 001103 (7/91)                                    RETURN AND ACKNOWLEDGMENT OF SERVICE  1C-P-022

| SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE: | NOTARY PUBLIC'S SIGNATURE: | MY COMMISSION EXPIRES: |
|---|---|---|
| IN _____, HAWAI'I | STATE OF HAWAI'I | |

### ACKNOWLEDGMENT OF SERVICE

REFUSED

| (signature of person served) | (date) | (time) |
|---|---|---|

# ORIGINAL

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>__FIRST__ CIRCUIT | RETURN AND ACKNOWLEDGMENT<br>OF SERVICE | CASE NUMBER<br>Civ10-1-1751-08(PWB) |
|---|---|---|

| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors | PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company and DOES 1-250 |
|---|---|

DOCUMENTS SERVED:  1) First Amended Complaint For Damages; Demand for Jury Trial; Summons and 2)Complaint For Damages; Demand For Jury Trial; Summons

I, Sheriff/Police Officer of the State of Hawai'i do hereby certify that I received a certified copy of the documents listed above and that I served the same on _HEARTHSTONE, INC._
_(name of party)_
on _APRIL 11, 2011_ at _11:31a.m_ at _1136 UNION MALL_
_(date)_         _(time)_
_STE 301, HONOLULU, HI 96813_ within the State of Hawai'i as follows:
_(address)_

❏ **PERSONAL:** By delivering to and leaving with _____, personally.

❏ **SUBSTITUTE:** [HRCP 4(d) (1) (A)] After due and diligent search and inquiry, I served above-named defendant through _____, a person of suitable age and discretion then residing at said party's usual place of abode, since the defendant could not be found.

❏ **SUBSTITUTE:** [HRCP 4(d) (1) (B)] I served above-named defendant through _____ authorized agent to receive service of process for said defendant.

☒ BUSINESS/CORPORATION/GOVERNMENTAL ENTITY: On _HEARTHSTONE, INC._
_(name of business/corp/entity)_
_____ by serving through _JO KAMAE BYRNE_,
_(name of person served)_
_____, who is the _PRES. NATIONAL REGIS._ and authorized agent
_(position/title)_   _AGENTS OF HI, INC._
of said Business/Corporation/Governmental Entity.

❏ **GARNISHMENT:** I served _____ through _____
_(name of garnishee)_
_____ who is authorized to accept service for the above-named garnishee.
_(name of person served)_

❏ **NOT FOUND:** After due and diligent search and inquiry, I am unable to find _____
_(name of party)_

| Attorney (Name, I.D. No., Address, Phone)<br>William M. McKeon  3726-0<br>McKeon Imlay Mehling<br>2145 Kaohu Street, Suite 203<br>Wailuku, HI 96793<br>Tel: 808-242-6644/Fax: 808-244-9775 | I do hereby certify that this is a full, true, and correct copy of the original on file in this office.<br><br>_____<br>Clerk, Circuit Court, First Circuit |
|---|---|

| Date:<br>4-11-2011 | Sheriff/Police Officer (type or print)<br>William MCKEON | Signature |
|---|---|---|

| SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE: | NOTARY PUBLIC'S SIGNATURE: | MY COMMISSION EXPIRES: |
|---|---|---|
| IN _____, HAWAIʻI | STATE OF HAWAIʻI | |

**ACKNOWLEDGMENT OF SERVICE**

REFUSED

_____        _____        _____
(signature of person served)              (date)                    (time)

# MCKEON IMLAY MEHLING

**A Limited Liability Law Company**

**2145 Kaohu Street, Suite 203**
**Wailuku, Hawaii 96793**
**p. 808.242.6644 | f. 808.244.9775**
**www.mimhawaii.com**

## TRANSMITTAL

| VIA: | ☐ Certified Mail | ☐ Hand Delivery | ☐ US Mail | ☐ Other |
|---|---|---|---|---|
| | ☐ Courier | ☐ DHL | ☐ Fed Express | ☐ Pickup |

**TO:**   Documents Clerk
Circuit Court of the First Circuit
Kaahumanu Hale
777 Punchbowl Street
Honolulu, HI 96813

*(court stamp:)* 2011 APR 15 PM 2:36   FIRST CIRCUIT COURT STATE OF HAWAII FILED   L. LEE CLERK

**FROM:**   Carol Yamamura, Secretary to William M. McKeon

**DATE:**   April 13, 2011

**SUBJECT:**   The Association of Apartment Owners of Hawaii Kai Peninsula v. Peninsula Hawaii Kai, LLC, et al.; Civil No. 10-1-1751-08 (PWB)

**NO. PAGES:**   7(including transmittal)

| ORIGINAL | DATE | DESCRIPTION |
|---|---|---|
| 1 + 2 copies | 4/11/11 | Return and Acknowledgment of Service for 1)Hearthstone, Inc., 2)Peninsula Hawaii Kai LLC and 3)Stanford Carr Development, LLC |

☐ For your information and files      ☐ For your review or comment      ☐ For filing/recordation

☐ Per your request      ☐ For signature and return      ☐ Return filed

☐ Per our conversation      (Sign in black in please)      marked/recorded copies

☐ Furnish us with copies

I do hereby certify that this is a full, true, **and** correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

COMMENTS/REMARKS:  Please file and return in the self addressed stamped envelope.

The information in the accompanying documents(s) is legally privileged, and is intended solely and exclusively for the personal and confidential use of the Addressee named above.  If you receive this transmittal in error, any review, dissemination, distribution, copying or disclosure of the accompanying document(s) is strictly prohibited.  If you have received this communication in error, please notify the sender of this transmittal by telephone and destroy the document(s). If you have any questions, please contact our office.

RECEIVED
FC (SOKT)   APR 15 2011

# ORIGINAL

MCKEON IMLAY MEHLING
A Limited Liability Law Company

WILLIAM M. MCKEON     3726-0
KERI MEHLING     8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone:  (808) 242-6644
Facsimile:  (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
3240 Stone Valley Road West
Alamo, CA 94507-1558
Telephone:  (925)838-2090
Facsimile     (925)820-5592

Attorneys for Plaintiffs

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, a Hawaii nonprofit corporation, by its Board of Directors, <br><br> Plaintiffs, <br><br> vs. <br><br> PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company and DOES 1-250, <br><br> Defendants. | ) CIVIL NO.: 10-1-1751-08 (PWB) <br> ) (Negligence; Other) <br> ) <br> ) CERTIFICATE OF SERVICE RE <br> ) DISCOVERY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

S:\AcctsA-K\AOAO Hawaii Kai Peninsula\Discovery\Discovery COS.doc

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 APR 26  AM 8: 48

F. OTAKE
CLERK

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

## CERTIFICATE OF SERVICE RE DISCOVERY

I hereby certify that on the date hereof the original and one copy of (1) Plaintiffs' First Request for Answer to Interrogatories to Defendant Stanford Carr Development, LLC Regarding Insurance; Schedule "A"; (2) Plaintiffs' First Request for Answer to Interrogatories to Defendant Hearthstone, Inc. Regarding Insurance; Schedule "A"; (3) Plaintiffs' First Request for Answer to Interrogatories to Defendant Peninsula Hawaii Kai, LLC; (4) Plaintiffs' First Request for Production of Documents and Things to Defendant Stanford Carr Development, LLC; Schedule "A"; (5) Plaintiffs' First Request for Production of Documents and Things to Defendant Hearthstone, Inc.; Schedule "A"; and (6) Plaintiffs' First Request for Production of Documents and Things to Defendant Peninsula Hawaii Kai, LLC, were duly served upon the following party and/or counsel via U.S. Mail addressed as follows:

| Attorney/Party | Original | Copy | Fax | U.S. Mail | Email |
|---|---|---|---|---|---|
| Cid H. Inouye<br>O'Connor Playdon & Guben<br>Pacific Guardian Center<br>Makai Tower<br>737 Bishop Street, Fl. 234<br>Honolulu, HI 96813 | [ X ] | [X] | [ ] | [X] | [ ] |

Attorney for Defendants
Stanford Carr Development, LLC,
Hearthstone, Inc. and
Peninsula Hawaii Kai, LLC

DATED:  Wailuku, Maui, Hawai'i, April 22, 2011.

WILLIAM M. McKEON
KERI C. MEHLING
TYLER P. BERDING
Attorneys for Plaintiffs

2

**O'CONNOR PLAYDON & GUBEN LLP**
A Limited Liability Law Partnership

**ORIGINAL**

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 MAY -9 PM 1:51

F. OTAKE
CLERK

CID H. INOUYE          (4243)
KRISTI L. ARAKAKI     (8683)
Pacific Guardian Center, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Phone: (808) 524-8350
Fax: (808) 531-8628

Attorneys for Defendants
PENINSULA HAWAII KAI, LLC, HEARTHSTONE, INC.
and STANFORD CARR DEVELOPMENT, LLC

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA-and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, a Hawaii nonprofit corporation, by its Board of Directors,<br><br>Plaintiffs,<br><br>vs.<br><br>PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company and DOES 1-250,<br><br>Defendants. | CIVIL NO. 10-1-1751-08 (PWB)<br><br>DEFENDANTS PENINSULA HAWAII KAI, LLC, HEARTHSTONE, INC. AND STANFORD CARR DEVELOPMENT, LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES, FILED ON APRIL 11, 2011; CERTIFICATE OF SERVICE |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

234578/11-86/CHI

DEFENDANTS PENINSULA HAWAII KAI, LLC, HEARTHSTONE, INC.
AND STANFORD CARR DEVELOPMENT, LLC'S ANSWER TO FIRST
<u>AMENDED COMPLAINT FOR DAMAGES, FILED ON APRIL 11, 2011</u>

COME NOW DEFENDANTS PENINSULA HAWAII KAI, LLC, HEARTHSTONE, INC. and STANFORD CARR DEVELOPMENT, LLC (hereinafter collectively referred to as "Defendants"), by and through their attorneys, O'Connor Playdon & Guben, LLP, and for answer to the First Amended Complaint for Damages, filed herein on April 11, 2011 ("Complaint"), allege and aver as follows:

<b><u>FIRST DEFENSE</u></b>

1.      The Complaint fails to state a cause of action against Defendants upon which relief can be granted.

<b><u>SECOND DEFENSE</u></b>

**I.      GENERAL ALLEGATIONS**

2.      Defendants admit the allegations contained in paragraphs 1, 2, 3 and 4 of the Complaint.

3.      Defendants deny the allegations contained in paragraphs 10, 11, 31 and 32 of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 and 29 of the Complaint and so deny them and leave Plaintiffs to their proof.

5.      With respect to paragraph 30 of the Complaint, Defendants admit that they did make repairs to the project, and deny all remaining allegations contained in paragraph 30 of the Complaint.

## II.   CLAIMS BY ASSOCIATION REGARDING COMMON ELEMENTS

FIRST CAUSE OF ACTION
NEGLIGENCE
(Against All Defendants)

6.     With respect to paragraph 33 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 32 of the Complaint.

7.     Defendants deny the allegations contained in paragraphs 34, 35, 36, 44 and 45 of the Complaint.

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 37, 38, 39, 40, 41, 42, and 43 of the Complaint and so deny them and leave Plaintiffs to their proof.

SECOND CAUSE OF ACTION
NEGLIGENT MISREPRESENTATION
(Against Developer Defendants and DOES 11-25, inclusive,
Contractors and Design Professionals)

9.     With respect to paragraph 46 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 45 of the Complaint.

10.     Defendants deny the allegations contained in paragraphs 54, 58 and 59 of the Complaint.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 47, 48, 49, 50, 51, 52, 53 and 55 of the Complaint and so deny them and leave Plaintiffs to their proof.

12.     With respect to paragraph 56 of the Complaint, Defendants deny the allegations contained therein as they pertain to the Developer Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 of the Complaint and so deny them and leave Plaintiffs to their proof.

13. With respect to paragraph 57 of the Complaint, Defendants deny the allegations contained therein as they pertain to the Developer Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 of the Complaint and so deny them and leave Plaintiffs to their proof.

### THIRD CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY
(Against All Defendants Except Surety Defendants)

14. With respect to paragraph 60 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 59 of the Complaint.

15. Defendants deny the allegations contained in paragraphs 64 and 65 of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 61, 62 and 63 of the Complaint and so deny them and leave Plaintiffs to their proof.

### FOURTH CAUSE OF ACTION
### STRICT LIABILITY
(Against Developer Defendants and Suppliers)

17. With respect to paragraph 66 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 65 of the Complaint.

18. Defendants deny the allegations contained in paragraphs 67, 68 and 70 of the Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and so deny them and leave Plaintiffs to their proof.

## FIFTH CAUSE OF ACTION
## BREACH OF FICUDIARY DUTY
(Against Developer Defendants and DOES 11-25, inclusive)

20.     With respect to paragraph 71 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 70 of the Complaint.

21.     Defendants admit the allegations contained in paragraph 72 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 74, 75 and 76 of the Complaint.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 73 of the Complaint and so deny them and leave Plaintiffs to their proof.

## SIXTH CAUSE OF ACTION
## IMPLIED INDEMNITY
(Against Developer Defendants and DOES 11-25, inclusive)

24.     With respect to paragraph 77 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 76 of the Complaint.

25.     Defendants deny the allegations contained in paragraphs 82, 83 and 84 of the Complaint.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 78, 79, 80 and 81 of the Complaint and so deny them and leave Plaintiffs to their proof.

## SEVENTH CAUSE OF ACTION
### TRADE REGULATIONS & PRACTICES
IN VIOLATION OF *HAWAII REVISED STATUTES, TITLE 26*
MONOPOLIES; RESTRAINT OF TRADE, §480 *ET SEQ.*
(Against Developer Defendants and DOES 11-25, inclusive, and Contractors)

27.    With respect to paragraph 85 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 84 of the Complaint.

28.    Defendants deny the allegations contained in paragraphs 86, 87, 88, 89, 90, 91, 92, 93, 94 and 95 of the Complaint.

## EIGHTH CAUSE OF ACTION
### BREACH OF CONTRACT
(Against Developer Defendants, Contractors and Design Professionals)

29.    With respect to paragraph 96 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 95 of the Complaint.

30.    Defendants deny the allegations contained in paragraphs 99, 105 and 106 of the Complaint.

31.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 97, 98, 100, 101, 102, 103 and 104 of the Complaint and so deny them and leave Plaintiffs to their proof.

## NINTH CAUSE OF ACTION
### VIOLATION OF GOVERNING DOCUMENTS
(Against Developer Defendants and DOES 11 through 25, inclusive)

32.    With respect to paragraph 107 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 106 of the Complaint.

33.    Defendants deny the allegations contained in paragraphs 108, 109 and 110 of the Complaint.

## TENTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY
(Against All Defendants Except Surety Defendants)

34.     With respect to paragraph 111 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 110 of the Complaint.

35.     Defendants deny the allegations contained in paragraphs 112, 113, 114, 115, 116, and 117 of the Complaint.

## ELEVENTH CAUSE OF ACTION
## PROMISSORY ESTOPPEL
(Against Developer Defendants and DOES 11
through 25, inclusive, Surety Defendants)

36.     With respect to paragraph 118 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 117 of the Complaint.

37.     Defendants deny the allegations contained in paragraphs 122 and 123 of the Complaint.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 119, 120 and 121 of the Complaint and so deny them and leave Plaintiffs to their proof.

## TWELVETH [sic] CAUSE OF ACTION
## BREACH OF CONTRACT ON FAITHFUL PERFORMANCE OBLIGATION
## TO CONSTRUCT REAL PROPERTY
(Against Surety Defendants)

39.     With respect to paragraph 124 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 123 of the Complaint.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 125, 126, 127, 128, 129, 130 and 131 of the Complaint and so deny them and leave Plaintiffs to their proof.

### THIRTEENTH CAUSE OF ACTION
### ENTITY ALTER EGO
(Against Builder Alter Ego DOES 166 through 175, inclusive)

41.    With respect to paragraph 132 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 131 of the Complaint.

42.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 133, 134, 135, 136, 137, 138 and 139 of the Complaint and so deny them and leave Plaintiffs to their proof.

### FOURTEENTH CAUSE OF ACTION
### SUCCESSOR LIABILITY
(Against Developer Successor Defendants)

43.    With respect to paragraph 140 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 139 of the Complaint.

44.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 141, 142, 143 and 144 of the Complaint and so deny them and leave Plaintiffs to their proof.

### FIFTEENTH CAUSE OF ACTION
### SUCCESSOR LIABILITY
(Against Contractor Successor Defendants)

45.    With respect to paragraph 145 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 144 of the Complaint.

46.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 146, 147, 148 and 149 of the Complaint and so deny them and leave Plaintiffs to their proof.

III.   **CLAIMS BY ASSOCIATION ON BEHALF OF CERTAIN OWNERS OF THE EXECUTIVE RESIDENCE AND CARRIAGE WAYS**

SIXTEENTH CAUSE OF ACTION
NEGLIGENCE
(Against All Defendants)

47.   With respect to paragraph 150 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 149 of the Complaint.

48.   Defendants deny the allegations contained in paragraph 151, 152, 153 and 162 of the Complaint.

49.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 154, 155, 156, 157, 158, 159, 160 and 161 of the Complaint and so deny them and leave Plaintiffs to their proof.

SEVENTEENTH CAUSE OF ACTION
NEGLIGENT MISREPRESENTATION
(Against Developer Defendants and DOES 11 through 25, inclusive,
Contractors and Design Professionals)

50.   With respect to paragraph 163 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 162 of the Complaint.

51.   Defendants deny the allegations contained in paragraphs 175 and 176 of the Complaint.

52.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 164, 165, 166, 167, 168, 169, 170, 171 and 172 of the Complaint and so deny them and leave Plaintiffs to their proof.

53.   With respect to paragraph 173 of the Complaint, Defendants deny the allegations contained therein as they pertain to the Developer Defendants.  Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 173 of the Complaint and so deny them and leave Plaintiffs to their proof.

54.     With respect to paragraph 174 of the Complaint, Defendants deny the allegations contained therein as they pertain to the Developer Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 174 of the Complaint and so deny them and leave Plaintiffs to their proof.

## EIGHTEENTH CAUSE OF ACTION
## NEGLIGENCE
(Against All Defendants Except Surety Defendants)

55.     With respect to paragraph 177 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 176 of the Complaint.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 178, 179, 180, 181 and 182 of the Complaint and so deny them and leave Plaintiffs to their proof.

## NINETEENTH CAUSE OF ACTION
## STRICT LIABILITY
(Against Developer Defendants and Suppliers)

57.     With respect to paragraph 183 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 182 of the Complaint.

58.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 184, 185, 186 and 187 of the Complaint and so deny them and leave Plaintiffs to their proof.

### TWENTIETH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
(Against Developer Defendants and DOES 11 through 25, inclusive)

59.     With respect to paragraph 188 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 187 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 191 and 193 of the Complaint.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 189, 190 and 192 of the Complaint and so deny them and leave Plaintiffs to their proof.

### TWENTY FIRST CAUSE OF ACTION
### IMPLIED INDEMNITY
(Against Developer Defendants and DOES 11 through 25, inclusive)

62.     With respect to paragraph 150 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 149 of the Complaint.

63.     Defendants deny the allegations contained in paragraphs 199, 200 and 201 of the Complaint.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 195, 196, 197 and 198 of the Complaint and so deny them and leave Plaintiffs to their proof.

### TWENTY-SECOND CAUSE OF ACTION
### TRADE REGULATIONS & PRACTICES
### IN VIOLATION OF *HAWAII REVISED STATUTES, TITLE 26*
MONOPOLIES; RESTRAINT OF TRADE, §480 *ET SEQ.*
(Against Developer Defendants and DOES 11-25, inclusive, and Contractors)

65.     With respect to paragraph 202 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 201 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 211 and 212 of the Complaint.

67.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 203, 204, 205, 206, 207, 208, 209 and 210 of the Complaint and so deny them and leave Plaintiffs to their proof.

TWENTY-THIRD CAUSE OF ACTION
BREACH OF CONTRACT
(Against Developer Defendants, Contractors, and Design Professionals)

68.     With respect to paragraph 213 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 212 of the Complaint.

69.     Defendants admit the allegations contained in paragraph 214 of the Complaint.

70.     Defendants deny the allegations contained in paragraphs 217, 221, 222, 223, and 224 of the Complaint.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 215, 216, 218, 219 and 220 of the Complaint and so deny them and leave Plaintiffs to their proof.

TWENTY-FOURTH CAUSE OF ACTION
BREACH OF EXPRESS WARRANTY
(Against Developer Defendants and DOES 11 through 25, inclusive)

72.     With respect to paragraph 225 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 224 of the Complaint.

73.     Defendants deny the allegations contained in paragraph 231 of the Complaint.

74.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 226, 227, 228, 229 and 230 of the Complaint and so deny them and leave Plaintiffs to their proof.

<u>TWENTY-FIFTH CAUSE OF ACTION</u>
PROMISSORY ESTOPPEL
(Against Developer Defendants and DOES 11
through 25, inclusive, Surety Defendants)

75.     With respect to paragraph 232 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 231 of the Complaint.

76.     Defendants deny the allegations contained in paragraphs 236 and 237 of the Complaint.

77.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 233 and 234 of the Complaint and so deny them and leave Plaintiffs to their proof.

<u>TWENTY-SIXTH CAUSE OF ACTION</u>
BREACH OF CONTRACT ON FAITHFUL PERFORMANCE OBLIGATION
TO CONSTRUCT REAL PROPERTY
(Against Surety Defendants)

78.     With respect to paragraph 238 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 237 of the Complaint.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 239, 240, 241, 242, 243, 244 and 245 of the Complaint and so deny them and leave Plaintiffs to their proof.

### TWENTY-SEVENTH CAUSE OF ACTION
ENTITY ALTER EGO
(Against Builder Alter Ego DOES 166 through 175, inclusive)

80.     With respect to paragraph 246 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 245 of the Complaint.

81.     Defendants deny the allegations contained in paragraph 253 of the Complaint.

82.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 247, 248, 249, 250, 251 and 252 of the Complaint and so deny them and leave Plaintiffs to their proof.

### TWENTY-EIGHTH CAUSE OF ACTION
SUCCESSOR LIABILITY
(Against Developer Successor Defendants)

83.     With respect to paragraph 254 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 253 of the Complaint.

84.     Defendants deny the allegations contained in paragraph 258 of the Complaint.

85.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 255, 256 and 257 of the Complaint and so deny them and leave Plaintiffs to their proof.

### TWENTY-NINTH CAUSE OF ACTION
SUCCESSOR LIABILITY
(Against Contractor Successor Defendants)

86.     With respect to paragraph 259 of the Complaint, Defendants reallege and incorporate by reference herein their responses to paragraphs 1 through 258 of the Complaint.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 260, 261, 262 and 263 of the Complaint and so deny them and leave Plaintiffs to their proof.

88.     Defendants deny all allegations of the Complaint not heretofore specifically admitted, controverted or denied.

### THIRD DEFENSE

89.     Plaintiffs are barred from maintaining this action against Defendants by reason of accord and satisfaction of the claims upon which the action is based.

### FOURTH DEFENSE

90.     Plaintiffs knowingly and voluntarily assumed a risk which caused or contributed to any injuries or damages that they may have sustained.

### FIFTH DEFENSE

91.     Plaintiffs are precluded from recovery by reason of their own negligence, which negligence was the sole cause of or greater than the negligence, if any, of Defendants.

### SIXTH DEFENSE

92.     Plaintiffs' claims are barred by the doctrine of estoppel.

### SEVENTH DEFENSE

93.     Plaintiffs' claims are barred by the doctrine of failure of consideration.

### EIGHTH DEFENSE

94.     Plaintiffs' claims are barred by the doctrine of laches.

### NINTH DEFENSE

95.     Defendants had license to take the actions upon which Plaintiffs' Complaint is based.

### TENTH DEFENSE

96.   Plaintiffs are barred from maintaining this action against Defendants by reason of payment of the claims upon which the action is based.

### ELEVENTH DEFENSE

97.   Plaintiffs' claims are barred by the doctrine of release.

### TWELFTH DEFENSE

98.   Defendants intend to rely on the defense of res judicata.

### THIRTEENTH DEFENSE

99.   Plaintiffs' claims are barred by the statute of frauds.

### FOURTEENTH DEFENSE

100.   Plaintiffs' claims are barred by the provisions of the applicable statute of limitations.

### FIFTEENTH DEFENSE

101.   Plaintiffs' claims are barred by the doctrine of waiver.

### SIXTEENTH DEFENSE

102.   Defendants rely upon the defense of the Act of God.

### SEVENTEENTH DEFENSE

103.   The damages sustained by Plaintiffs, if any, resulted from intervening or superseding causes.

### EIGHTEENTH DEFENSE

104.   Plaintiffs' claims are barred by reason of their failure to join indispensable parties.

### NINETEENTH DEFENSE

105.    Plaintiffs' claims are barred as they failed to exhaust their contractual remedies and/or first to breach the contract.

### TWENTIETH DEFENSE

106.    Plaintiffs' claims are barred as they have failed to comply with HRS Chapter 672E.

### TWENTY-FIRST DEFENSE

107.    Plaintiffs lack standing to bring these claims.

### TWENTY-SECOND DEFENSE

108.    Plaintiffs' claims are barred as they have exceeded their statutory or other legal authority.

### TWENTY-THIRD DEFENSE

109.    Plaintiffs' claims are barred as they are in violation of HRCP Rule 17.

### TWENTY-FOURTH DEFENSE

110.    Plaintiffs' claims are barred as they should be arbitrated.

### TWENTY-FIFTH DEFENSE

111.    Plaintiffs have failed to mitigate their damages.

WHEREFORE, Defendants PENINSULA HAWAII KAI, LLC, HEARTHSTONE, INC. and STANFORD CARR DEVELOPMENT, LLC pray as follows:

1.    That the Complaint against them be dismissed with prejudice;

2.    That they be awarded their costs, reasonable attorney's fees and expenses which they have incurred in defense of this action;

3.    For such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, May 6, 2011 .

CID H. INOUYE
KRISTI L. ARAKAKI
Attorneys for Defendants
PENINSULA HAWAII KAI, LLC, HEARTHSTONE,
INC. and STANFORD CARR DEVELOPMENT, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA-and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, a Hawaii nonprofit corporation, by its Board of Directors, | ) ) ) ) ) ) ) ) | CIVIL NO. 10-1-1751-08 (PWB) <br><br> CERTIFICATE OF SERVICE |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company and DOES 1-250, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly

served on the following parties on the date shown below by depositing same in the United States

mail, postage prepaid, addressed as follows:

WILLIAM M. McKEON, ESQ.
KERI MEHLINE, ESQ.
McKeon Imlay Mehling
2145 Kaohu Street, Suite 203
Wailuku, Hawaii  96793

234578/11-86/CHI

TYLER P. BERDING
Berding & Weil LLP
3240 Stone Valley Road West
Alamo, CA  94507-1558

Attorneys for Plaintiffs

DATED:  Honolulu, Hawaii, _May 6, 2011_____.

_____

CID H. INOUYE
KRISTI L. ARAKAKI
Attorneys for Defendants
PENINSULA HAWAII KAI, LLC, HEARTHSTONE,
INC. and STANFORD CARR DEVELOPMENT, LLC

**O'CONNOR PLAYDON & GUBEN LLP**
A Limited Liability Law Partnership

CID H. INOUYE            (4243-0)
KRISTI L. ARAKAKI        (8683-0)
LAHELA H. F. HITE        (9418-0)
Pacific Guardian Center, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Phone: (808) 524-8350
Fax: (808) 531-8628

Attorneys for Defendants
PENINSULA HAWAII KAI, LLC, HEARTHSTONE, INC.
and STANFORD CARR DEVELOPMENT, LLC

ORIGINAL

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 JUN 23  PM 1:46

F. OTAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA-and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, a Hawaii nonprofit corporation, by its Board of Directors, | CIVIL NO. 10-1-1751-08 (PWB) |
| | CERTIFICATE OF SERVICE |
| | *Re: Discovery Responses* |
| Plaintiffs, | |
| vs. | |
| PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company and DOES 1-250, | |
| Defendants. | |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

_____
Clerk, Circuit Court, First Circuit

236963v1/11-86/KAREN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following documents was duly served on the below-listed parties by depositing same in the United States mail, postage prepaid, on June 22, 2011.

1. DEFENDANT PENINSULA HAWAII KAI, LLC'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO DEFENDANT PENINSULA HAWAII KAI, LLC, DATED APRIL 22, 2011

2. DEFENDANT HEARTHSTONE, INC.'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO DEFENDANT HEARTHSTONE, INC., DATED APRIL 22, 2011

3. DEFENDANT STANFORD CARR DEVELOPMENT, LLC'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO DEFENDANT STANFORD CARR DEVELOPMENT LLC, DATED APRIL 22, 2011

4. DEFENDANT PENINSULA HAWAII KAI, LLC'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO PENINSULA HAWAII KAI, LLC, DATED APRIL 22, 2011

5. DEFENDANT HEARTHSTONE INC.'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO HEARTHSTONE INC., DATED APRIL 22, 2011

6. DEFENDANT STANFORD CARR DEVELOPMENT, LLC'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO STANFORD CARR DEVELOPMENT, LLC, DATED APRIL 22, 2011

WILLIAM M. McKEON, ESQ.
KERI C. MEHLING, ESQ.
McKeon Imlay Mehling
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793

TYLER P. BERDING, ESQ.
Berding & Weil LLP
3240 Stone Valley Road West
Alamo, CA  94507-1558

Attorneys for Plaintiffs

DATED:  Honolulu, Hawaii, June 22, 2011.

_____

CID H. INOUYE
KRISTI L. ARAKAKI
LAHELA H. F. HITE
Attorneys for Defendants
PENINSULA HAWAII KAI, LLC,
HEARTHSTONE, INC. and STANFORD CARR
DEVELOPMENT, LLC

O'CONNOR PLAYDON & GUBEN LLP
A Limited Liability Law Partnership

**ORIGINAL**

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 AUG -9  PM 3: 44

F. OTAKE
CLERK

CID H. INOUYE            (4243-0)
KRISTI L. ARAKAKI       (8683-0)
LAHELA H. F. HITE       (9418-0)
Pacific Guardian Center, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Phone: (808) 524-8350
Fax: (808) 531-8628

Attorneys for Defendants
PENINSULA HAWAII KAI, LLC, HEARTHSTONE, INC.
and STANFORD CARR DEVELOPMENT, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA-and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, a Hawaii nonprofit corporation, by its Board of Directors,<br><br>   Plaintiffs,<br><br> vs.<br><br>PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company and DOES 1-250,<br><br>   Defendants. | CIVIL NO. 10-1-1751-08 (PWB)<br><br>CERTIFICATE OF SERVICE<br><br>*Re: Discovery* |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

236963v1/11-86/KAREN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of DEFENDANT STANFORD CARR DEVELOPMENT, LLC'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES AND FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA was duly served on the below-listed parties by depositing same in the United States mail, postage prepaid, on the date shown below.

WILLIAM M. McKEON, ESQ.
KERI C. MEHLING, ESQ.
McKeon Imlay Mehling
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793

TYLER P. BERDING, ESQ.
Berding & Weil LLP
3240 Stone Valley Road West
Alamo, CA 94507-1558

Attorneys for Plaintiffs

DATED: Honolulu, Hawaii, August __9__, 2011.

CID H. INOUYE
KRISTI L. ARAKAKI
LAHELA H. F. HITE
Attorneys for Defendants
PENINSULA HAWAII KAI, LLC, HEARTHSTONE,
INC. and STANFORD CARR DEVELOPMENT, LLC

# MCKEON IMLAY MEHLING

**A Limited Liability Law Company**

2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
p. 808.242.6644 | f. 808.244.9775
www.mimhawaii.com

## TRANSMITTAL

**VIA:**   ☐ Certified Mail   ☐ Hand Delivery   ☑ US Mail   ☐ Other

☐ Courier   ☐ DHL   ☐ Fed Express   ☐ Pickup

**TO:**   Documents Clerk
Circuit Court of the First Circuit
Kaahumanu Hale
777 Punchbowl Street
Honolulu, HI 96813

**FROM:**   Carol Yamamura, Secretary to William M. McKeon

**DATE:**   September 23, 2011

**SUBJECT:**   The Association of Apartment Owners of Hawaii Kai Peninsula v. Peninsula Hawaii Kai, LLC, et al.; Civil No. 10-1-1751-08 (PWB)

**NO. PAGES:**   (including transmittal)

| ORIGINAL | DATE | DESCRIPTION |
|---|---|---|
| Original + 2 copies | 9/23/11 | Certificate of Service Re Discovery |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

☐ For your information and files   ☐ For your review or comment   ☑ For filing/recordation

☐ Per your request   ☐ For signature and return   ☐ Return filed marked/recorded copies

☐ Per our conversation   (Sign in black in please)

☐ Furnish us with copies

**COMMENTS/REMARKS:** Please file the enclosed certificate of service and return in by using the enclosed self-addressed, stamped envelope. Thank you!

The information in the accompanying documents(s) is legally privileged, and is intended solely and exclusively for the personal and confidential use of the Addressee named above. If you receive this transmittal in error, any review, dissemination, distribution, copying or disclosure of the accompanying document(s) is strictly prohibited. If you have received this communication in error, please notify the sender of this transmittal by telephone and destroy the document(s). If you have any questions, please contact our office.

RECEIVED SEP 2 6 2011

DLG

# ORIGINAL

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 SEP 26 PM 2: 19

N. ANAY
CLERK

MCKEON IMLAY MEHLING
A Limited Liability Law Company

WILLIAM M. MCKEON        3726-0
KERI MEHLING             8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone: (808) 242-6644
Facsimile: (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
3240 Stone Valley Road West
Alamo, CA 94507-1558
Telephone: (925)838-2090
Facsimile  (925)820-5592

Attorneys for Plaintiffs

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, a Hawaii nonprofit corporation, by its Board of Directors,<br><br>        Plaintiffs,<br><br>vs.<br><br>PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company and DOES 1-250,<br><br>        Defendants. | ) CIVIL NO.: 10-1-1751-08 (PWB)<br>) (Negligence; Other)<br>)<br>) CERTIFICATE OF SERVICE RE<br>) DISCOVERY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

S:\AcctsA-K\AOAO Hawaii Kai Peninsula\Discovery\Discovery COS.doc

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

RECEIVED
LOB (NIA)   SEP 2 6 2011

## CERTIFICATE OF SERVICE RE DISCOVERY

I hereby certify that on the date hereof the original and one copy of Plaintiffs' First Response to Defendant Stanford Carr Development, LLC's First Request for Answer to Interrogatories and For Production of Documents to Plaintiffs Association of Apartment Owners of the Hawaii Kai Peninsula and Board of Directors of the Association of Apartment Owners of the Hawaii Kai Peninsula, was duly served upon the following party and/or counsel via U.S. Mail addressed as follows:

| Attorney/Party | Original | Copy | Fax | U.S. Mail | Email |
|---|---|---|---|---|---|
| Cid H. Inouye<br>O'Connor Playdon & Guben<br>Pacific Guardian Center<br>Makai Tower<br>737 Bishop Street, Fl. 234<br>Honolulu, HI 96813 | [ X ] | [X] | [ ] | [X] | [ ] |

Attorney for Defendants
Stanford Carr Development, LLC,
Hearthstone, Inc. and
Peninsula Hawaii Kai, LLC

DATED: Wailuku, Maui, Hawai'i, September 23, 2011.

WILLIAM M. McKEON
KERI C. MEHLING
TYLER P. BERDING
Attorneys for Plaintiffs

2

**ORIGINAL**                                                        WMK

SLC

McKEON IMLAY MEHLING
A Limited Liability Law Company

FILED

2011 OCT 18  PM 3: 18

*[signature]*
D. MORIOKA, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII
Clerk, Second Circuit Court and ex-
officio Clerk _____ Circuit Court

WILLIAM M. MCKEON        3726-0
KERI MEHLING             8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone:  (808) 242-6644
Facsimile:  (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
3240 Stone Valley Road West
Alamo, CA 94507-1558
Telephone:  (925)838-2090
Facsimile    (925)820-5592

Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors,<br><br>          Plaintiffs,<br><br>     vs.<br><br>PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250,<br><br>          Defendants. | )  CIVIL NO.: 10-1-1751-08 (PWB)<br>)  (Contract; Construction Defect; Other)<br>)<br>)  PLAINTIFFS' PRETRIAL STATEMENT;<br>)  CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  NO TRIAL DATE SET<br>) |

S:\AcctsA-K\Hawaii Kai Peninsula\Pleadings\111005 Pretrial Statement.doc

PAID
$10.00
dm

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

_____
Clerk, Circuit Court, First Circuit

## PLAINTIFFS' PRETRIAL STATEMENT

Pursuant to Rule 12(b) of the Rules of the Circuit Court, Plaintiff The Association of Apartment Owners of The Hawaii Kai Peninsula and Board of Directors of the Association of Apartment Owners of the Hawaii Kai Peninsula ("Plaintiffs"), through its counsel, McKeon Imlay Mehling, a Limited Liability Law Company and Berding & Weil, LLC, hereby submits its initial pretrial statement. Plaintiffs will be amending this initial pretrial statement as investigation and discovery continues.

## I.    STATEMENT OF FACTS

The Peninsula at Hawaii Kai is a master planned project consisting of condominium, townhouse and single family home residential units and appurtenant common elements, situated in the Hawaii Kai area of Oahu. Within the project there are over 630 residential units made up of five different product types: The Colony; The Villas; The Cottages; The Executive Residences and Carriage Ways. The multifamily product types are primarily at issue in this litigation:

The Colony: Six (6) multi-story towers over parking structures, with each pod consisting of two towers. There are approximately 320 units in the Colony along with common element water features (pool) and integrated planters. The buildings were started in 2004 and completed thereafter.

The Villas: The Villas consist of eight (8) two story buildings built in 2 clusters with a total of 92 residential units.

The Cottages: The cottages are 123 units built in three clusters with six different building types and six different plan types. The structures were built between late 2001 and approximately the end of 2004.

Based on the public information available and the limited discovery exchanged thus far, the Peninsula at Hawaii Kai project was purportedly built by Developer Peninsula Hawaii Kai, LLC, which was a local limited liability company whose members were Hearthstone, Inc. and Stanford Carr Development, LLC.

Plaintiffs are the Board of Directors of the Association of Apartment Owners of The Hawaii Kai Peninsula, a Hawaii non-profit corporation.

Plaintiffs allege defects in each of the multi-family product types. At this time, defects include, but are not limited to[1]:

The Colony: Defective exterior cladding, structurally inadequate, leaking and corroded windows, improperly built roofing with unadhered laps, wrinkled finish work, lack of flashing and counterflashing, and leaks, improper or failing waterproofing in the planters and over the garage, improper and failed internal and thermal envelope, mechanical and plumbing defects, including improper and oversized air conditioners, which contribute to mold growth;

The Villas: Defective exterior cladding with unsealed openings through the siding, structurally inadequate, leaking and corroded windows, improper roof ventilation and roof leaking, failing thermal envelope with improper fire blocking, missing insulation and fire wall irregularities, and cracking interior slabs and tile work; and

The Cottages: Defective weather barriers in the siding, sill track corrosion, lack of clearance to grad, structurally inadequate, leaking and corroded windows, roof leaks and lack of appropriate ventilation, and an inadequate or failed thermal envelope.

---

[1] Plaintiffs have produced expert reports or are in the process of producing expert reports from architects, mechanical engineers, structural engineers and other experts, which reports contain a more detailed description of defects.

3

The Peninsula at Hawaii Kai is a very large project, investigation is ongoing and Plaintiffs reserve the right to amend, modify, change and/or add to the defects noted above.

## II.    ADMITTED FACTS

Defendants admit to the identity and status of the named parties.  They also admit to doing some repairs at the project.

## III.    CLAIMS FOR RELIEF

At this time, Plaintiffs have alleged the following causes of action:

1.    Negligence, against all defendants;
2.    Negligent misrepresentation, against the developer, contractor and design professional defendants;
3.    Breach of implied warranty, against all defendants except surety defendants;
4.    Strict liability, against the developer and supplier defendants;
5.    Breach of fiduciary duty against the developer defendants;
6.    Implied indemnity, against the developer defendants;
7.    Violation of trade regulations and practices pursuant to HRS §480 et. seq.
8.    Breach of contract, against the developer, contractor and design professional defendants;
9.    Violation of the governing documents, against the developer defendants;
10.   Breach of express warranty, against all defendants except the surety defendants;
11.   Promissory estoppel, against the developer and surety defendants;
12.   Breach of contract on faithful performance obligation to construct real property, against the surety defendants;
13.   Entity alter ego, against the builder alter ego DOES 166-175;
14.   Successor liability, against developer successor defendants; and
15.   Successor liability; against contractor successor defendants.

Plaintiffs' investigation and discovery is ongoing and Plaintiffs reserve the right to amend, modify, change and/or add to the claims noted above.

## IV.   NON-EXPERT WITNESSES

Discovery has only recently begun and Plaintiffs will amend this list of witnesses and the intended scope of testimony in light of the yet to be conducted discovery, further evaluation and testing, and review of the evidence provided by the parties hereto.  At this time, Plaintiffs intend to call one or more of the following witnesses:

1.      Members of the Board of Directors of the Hawaii Kai Peninsula
        c/o McKeon Imlay Mehling, LLLP
        2145 Kaohu Street, Suite 203
        Wailuku, HI 96793

        The Board members will testify regarding their purchase of units at the Project,
        the disclosures and warranties made to them; the problems and issues they have
        had with their units; complaints and concerns by other owners at the Project; their
        efforts to discover the various problems and defects at the Project; their efforts to
        remedy those problems and defects; and damages incurred.

2.      Bruce Thompson, General Manager and
        Other Employees, including maintenance personnel
        c/o McKeon Imlay Mehling, LLLP
        2145 Kaohu Street, Suite 203
        Wailuku, HI 96793

        The Manager and employees will testify regarding the problems and issues they
        have encountered and/or discovered; complaints and concerns by owners at the
        Project; their efforts to discover the various problems and defects at the Project;
        their efforts to remedy those problems and defects; and damages incurred.

3.      Subcontractors and/or vendors who have performed work at the Project including
        but not limited to:
        Beachside Roofing, Master Sheetmetal, Commercial Roofing and Porter
        Construction.

        Each subcontractor/vendor is expected to testify regarding the warranty and
        remediation work they have preformed to correct deficiencies and defects at the
        Project.

4.      Matt Carton and/or Duane Lee
        Wiss Janney Elstner Associates, Inc.
        1240 Ala Moana Boulevard, Suite 120
        Honolulu, HI 96814

        The WJE employees are expected to testify regarding their work at the Project
        including their pre-turnover survey and defects at the project.

5.      Representatives of Peninsula Hawaii Kai, LLC, Stanford Carr Development LLC,
        and Hearthstone, Inc.
        c/o Cid H. Inouye, Esq.
        O'Connor Playdon & Guben
        Pacific Guardian Center, Makai Tower
        737 Bishop Street, Fl. 24
        Honolulu, HI 96813

Representatives of the developer entities are expected to testify regarding their development of the project, their specific roles, hiring of design professionals, contractors and sub-contractors, sales, including the disclosures, representations and warranties made, the complaints by owners of defects and request for warranty repairs, management and control of the Board of Directors, budgets and reserves for maintenance, repair and replacement of the common elements and related issues.

6.  Past and present property managers including Jody L. Nako
    Hawaiiana Management Company Ltd.
    711 Kapiolani Boulevard, Ste. 700
    Honolulu, HI 96813

    Property managers are expected to testify regarding their work at the project, including budgets and arrangements for repair work, and owner complaints of defects.

7.  David Knox
    ConstRX Ltd.
    850 Mililiani Street
    Honolulu, HI 96813

    Mr. Knox is expected to testify regarding cost of repair and related issues.

Plaintiffs reserve the right to identify and call such other persons as may be determined by counsel upon further evaluation, investigation, or discovery in this matter.

Plaintiffs reserve the right to call any and all persons deposed or to be deposed in this matter.

Plaintiffs reserve the right to call any and all non-expert witnesses named by any other party in their pretrial statement, including any amendments or supplements thereto, any non-expert witnesses named in the parties' settlement conference statements, including any amendments or supplements thereto, any non-expert witnesses named in any parties' answers to interrogatories, or in any and all other documents filed in this matter by any party.

6

## V.   EXPERT WITNESSES

Investigation is continuing and Plaintiffs expect to amend this list of expert witnesses.  At this time, Plaintiffs intend to call one or more of the following witnesses:

1.   Austin Sloat, AIA
     Neumann Sloat Blanco Architects LLP
     c/o McKeon Imlay Mehling
     2145 Kaohu Street, Suite 203
     Wailuku, HI 96793

2.   Norman L. Nelson, P.E.
     Liberty Building Forensics Group
     c/o McKeon Imlay Mehling
     2145 Kaohu Street, Suite 203
     Wailuku, HI 96793

3.   Paul Weidig, P.E., G.E., C.E.G.
     c/o McKeon Imlay Mehling
     2145 Kaohu Street, Suite 203
     Wailuku, HI 96793

4.   David Knox
     Knox Hoversland Architects Ltd.
     850 Mililiani Street
     Honolulu, HI  96813

Plaintiffs reserve the right to identify and call such other experts as may be determined by counsel upon further evaluation, investigation, or discovery in this matter.

Plaintiffs reserve the right to call any and all expert witnesses named by any other party in their pretrial statement, including any amendments or supplements thereto, any expert witnesses named in the parties' settlement conference statements, including any amendments or supplements thereto, any expert witnesses named in any parties' answers to interrogatories, or in any and all other documents filed in this matter by any party.

7

## VI.    CONFERENCE BY COUNSEL

Counsel for all parties have not met at this time.  The Project is very large and investigation is ongoing.  In addition, discovery is in its early stages.   Plaintiffs expect to join additional defendants once the developer defendant's documents are produced and further expert investigation occurs.

## VII.    ALTERNATIVE DISPUTE RESOLUTION

Plaintiffs are agreeable to mediation.  Formal discussions have not commenced because mediation at this juncture would be premature.  Plaintiffs expect to join additional defendants once the developer defendant's documents are produced and further expert investigation occurs. Plaintiff expects that once initial discovery is completed, and additional defendants are named, the parties will be in a better position to discuss settlement and mediation.

DATED:  Wailuku, Maui, Hawai'i, October 18, 2011.

WILLIAM M. McKEON
KERI C. MEHLING
TYLER BERDING
Attorneys for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the date hereof a file marked copy of the foregoing was duly served upon the following parties at his/her last known addresses by United States mail, postage prepaid addressed as follows:

CID H. INOUYE, ESQ.
O'Connor Playdon & Guben
Pacific Guardian Center
Makai Tower
737 Bishop Street, Fl. 24
Honolulu, HI 96813

Attorneys for Defendant
Stanford Carr Development, LLC

DATED:  Wailuku, Maui, Hawai'i, October 18, 2011.


WILLIAM M. McKEON
KERI C. MEHLING
TYLER P. BERDING
Attorneys for Plaintiffs

DLG

O'CONNOR PLAYDON & GUBEN LLP
A Limited Liability Law Partnership

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 OCT 31   PM 3: 44

A. MARPLE
CLERK

CID H. INOUYE          (4243-0)
KRISTI L. ARAKAKI      (8683-0)
LAHELA H. F. HITE      (9418-0)
Pacific Guardian Center, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Phone: (808) 524-8350
Fax: (808) 531-8628

Attorneys for Defendants
PENINSULA HAWAII KAI, LLC, HEARTHSTONE, INC.
and STANFORD CARR DEVELOPMENT, LLC

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA-and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, a Hawaii nonprofit corporation, by its Board of Directors, <br><br> Plaintiffs, <br><br> vs. <br><br> PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company and DOES 1-250, <br><br> Defendants. | CIVIL NO. 10-1-1751-08 (PWB) <br><br> DEFENDANTS PENINSULA HAWAII KAI, LLC, HEARTHSTONE, INC. AND STANFORD CARR DEVELOPMENT, LLC'S NOTICE OF TAKING DEPOSITION UPON WRITTEN INTERROGATORIES; CERTIFICATE OF SERVICE <br><br> (Re: Custodian of Records of Knox Hoversland Architects) |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

_____
Clerk, Circuit Court, First Circuit

## DEFENDANTS PENINSULA HAWAII KAI, LLC, HEARTHSTONE, INC. AND STANFORD CARR DEVELOPMENT, LLC'S NOTICE OF TAKING DEPOSITION UPON WRITTEN INTERROGATORIES;

TO:      WILLIAM M. MCKEON
KERI MEHLING
McKEON IMLAY MEHLING
2145 Kaohu St., #203
Wailuku, HI 96793

TYLER P. BERDING
Berding & Weil LLP
3240 Stone Valley Road West
Alamo, CA 94507-1558

Attorneys for Plaintiffs

PLEASE TAKE NOTICE that the following deposition will be taken on behalf of

Defendants PENINSULA HAWAII KAI, LLC, HEARTHSTONE, INC. and STANFORD

CARR DEVELOPMENT, LLC, at the location, date and time indicated below before a notary

public or before some other officer authorized by law to administer oaths, representing the

offices of Powers & Associates, 1001 Bishop Street, Suite 2650, Pauahi Tower, Honolulu,

Hawaii 96813:

| **Deponent** | **Date/Time** |
| --- | --- |
| Custodian of Records of | November 21, 2011 at |
| Knox Hoversland Architects | 9:00 a.m. |
| 850 Mililani St., #200 | |
| Honolulu, HI 96813-2947 | |
| Tel. No.: 808-524-2244 | |

Said deposition will be taken upon certain interrogatories, a copy of which is

herewith served upon you and such cross, redirect, and re-cross interrogatories as may be duly

served herein. Deponent is to bring with him/her and to and to release originals or complete and

legible copies of any and all documents or electronically stored information, including but not

242158v1/09-44/HMB

limited to interoffice communications, notes, invoices, correspondences, memoranda, emails, reports, photos or other writings of any kind with respect to the AOAO of the Hawaii Kai Peninsula.

This deposition is to be taken pursuant to Rule 31 of the Hawaii Rules of Civil Procedure.

DATED: Honolulu, Hawaii, _____OCT 3 1 2011_____.

_____

CID H. INOUYE
KRISTI L. ARAKAKI
LAHELA H. F. HITE

Attorneys for Defendants
PENINSULA HAWAII KAI, LLC,
HEARTHSTONE, INC. AND STANFORD CARR
DEVELOPMENT, LLC

242158v1/09-44/HMB

## INTERROGATORIES

1.  Please state your name.

2.  What is your residence address?

3.  Are you employed?

4.  What is your employer's name?

5.  What is your employer's address?

6.  What is your job or position with your employer?

7.  In that position do you have under your care, custody and control any and all records kept by your employer?

8.  Among your employer's records under your care, custody, and control are there any documents in your possession, any and all documents or electronically stored information, including but not limited to interoffice communications, notes, invoices, correspondences, memoranda, emails, reports, photos or other writings of any kind with respect to the AOAO of the Hawaii Kai Peninsula?

9.  Were you served with a subpoena requiring your appearance before the notary public for the purpose of answering these questions and requiring you to bring with you all of your employer's records as described above?

10.  Do you have all of these records with you?

11.  Are those records complete?

12.  Has any portion of those records ever been removed from your care, custody, and control prior to this time?

13.  If so, when and by whom?

14.  Has any portion of those records ever been altered prior to this time?

15.   If so, when and by whom?

16.   What identifies those records as pertaining to the documents described in the subpoena?

17.   Would you please turn over to the notary public at this time the originals or complete and legible copies of all the subpoenaed documents you brought with you pursuant to the subpoena with which you were served.

18.   Please describe briefly but completely, so that they may be readily identified, the records which you have turned over to the notary public.

19.   Please describe briefly but completely so that they may be readily identified any of your employer's records which you have not turned over to the notary public, including both those records which you have brought with you and those records which you have not brought with you.

20.   Are you willing to waive the reading and signing of this deposition?

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA-and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, a Hawaii nonprofit corporation, by its Board of Directors, | ) ) ) ) ) ) ) ) ) | CIVIL NO. 10-1-1751-08 (PWB) CERTIFICATE OF SERVICE |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company and DOES 1-250, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served on the following parties on the date shown below by depositing same in the United States mail, postage prepaid, addressed as follows:

WILLIAM M. McKEON, ESQ.
KERI MEHLINE, ESQ.
McKeon Imlay Mehling
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793

TYLER P. BERDING
Berding & Weil LLP
3240 Stone Valley Road West
Alamo, CA 94507-1558

Attorneys for Plaintiffs

DATED: Honolulu, Hawaii, _____ **OCT 3 1 2011** _____.

_____

CID H. INOUYE
KRISTI L. ARAKAKI
LAHELA H.F. HITE

Attorneys for Defendants
PENINSULA HAWAII KAI, LLC,
HEARTHSTONE, INC. and STANFORD CARR
DEVELOPMENT, LLC

(SOK?)

ORIGINAL

| STATE OF HAWAII<br><br>CIRCUIT COURT OF THE<br>FIRST CIRCUIT | SUBPOENA<br>NOTICE TO APPEAR<br><br>☒ SUBPOENA DUCES TECUM | CASE NUMBER<br><br>CIV<br>10-1-1751-08 (PWB)<br><br>LSE |
|---|---|---|

| PLAINTIFF<br>ASSOCIATION OF APARTMENT OWNERS OF THE<br>HAWAII KAI PENINSULA, et al. | DEFENDANT<br>PENINSULA HAWAII KAI, LLC, a Hawaii limited<br>company, et al. |
|---|---|

| ATTORNEY (NAME and ADDRESS)<br><br>CID H. INOUYE (4243-0)<br>KRISTI L. ARAKAKI (8683-0)<br>LAHELA H.F. HITE (9418-0)<br>733 BISHOP ST., SUITE 2400<br>HONOLULU, HI 96813 | COMMENTS: (ATTACH CONTINUATION PAGE IF NEEDED)<br><br>Any and all documents or electronically stored<br>information, including but not limited to interoffice<br>communications, notes, invoices,<br>correspondences, memoranda, emails, reports,<br>photos, or other writings of any kind with respect<br>to the AOAO of the Hawaii Kai Peninsula. |
|---|---|

THE STATE OF HAWAII TO:
    ANY OFFICER AUTHORIZED BY LAW TO SERVE
    SUBPOENAS IN THE STATE OF HAWAII
    YOU ARE COMMANDED to subpoena the individual
    named below.

I do hereby certify that this is a full, true, and
correct copy of the original on file in this office.

_____
Clerk, Circuit Court, First Circuit

NAME AND ADDRESS OF WITNESS

Custodian of Records          Roseanne Butler
Knox Hoversland Architects    Roseanne Butler
850 Mililani St., #200
Honolulu, HI  96813-2947 (808-524-2244)

WITNESS, YOU ARE COMMANDED TO appear at the time and place indicated to testify as a witness on behalf of the
☐ PLAINTIFF    ☒ DEFENDANT
☒ You are further ordered to bring with you the items listed in the comments section.

| DATE<br><br>November 21, 2011 | TIME<br><br>9:00 a.m. |
|---|---|

LOCATION/ROOM

    Powers & Associates Court Reporters, 1001 Bishop Street, 2650 Pauahi Tower, Honolulu, Hawaii, 96813
    (808-536-2001)

DISOBEDIENCE of this subpoena may be punished as contempt by this court.

| DATE ISSUED<br><br>OCT 3 1 2011 | CLERK |
|---|---|

**RETURN OF SERVICE**

| | DATE | TIME | PLACE |
|---|---|---|---|
| SERVICE WAS<br>MADE AT: | 11/04/2011 | 12:11 PM | 850 MILILANI ST. STE 200<br>HONOLULU, HI 96813 |

Comments:   ☑ I served the above named person.
            ☐ I served this subpoena on another individual. (explain)

| DATE<br><br>11/04/2011 | NAME OF SERVER<br>Dexter Carrasco<br>Civil Process Server | SIGNATURE |
|---|---|---|

DISTRIBUTION: ☐ ORIG. AND COPY - SERVING OFFICER ☐ PLAINTIFF ☐ DEFT. FILE

ORIGINAL

DLG

| **PLEASE BE ADVISED:** This form as executed shall be FILED and, thereby, shall be made part of the Court's record | CIRCUIT COURT OF THE FIRST CIRCUIT LEGAL DOCUMENTS BRANCH **REQUEST TO ACCESS COURT RECORD (HCRR);** ( ) Attachment(s)-Page(s) _____ | | REGISTRATION NUMBER: 20 |
|---|---|---|---|

| DATE: 12/2/2011 | REQUESTED BY: Angela Helgeson | | HSBA I.D. | Phone Contact: 539-1294 |
|---|---|---|---|---|

| Mailing Address: c/o ASB Po Box 2300 Honolulu, Hi 96804 | E-mail address: | Driver's License (State): HI |
|---|---|---|
| | | Passport: |
| | Fax Number: | State I.D. (State): |
| | | Military I.D.: |

| ACCESS DENIED (Reason): | By: | Other Form of I.D.: | Approved by: |
|---|---|---|---|
| | Title: | | |

| PARTY TO THE CASE | | Plaintiff/Petitioner | |
|---|---|---|---|
| ATTORNEY OF RECORD, FOR: | | Defendant/Respondent | |
| OTHER: | | Please specify: | |

CC   CP   CG   PC   EQ   LAW   G/LG   LP   ML   SE   SG   SP   TR   WILLS   PR
AD   AA   AP   FC   DV   DA   GD   GR   FM   PP   UC   UJ   UF   UR   TP   OTH:

| CASE NUMBER: 1CC 10-1-00 1751 | VOLUME #: | NAMES OF PARTIES TO CASE: AOAO Hi Kai Peninsula etal vs. Peninsula Hi etal |
|---|---|---|

| REQUESTED SERVICES | |
|---|---|
| To inspect the record | To obtain a complete copy of the record |
| To pick up ordered copies | To obtain a partial copy of the record, please list below: |

| To have copies mailed to me at the address above | Documents to be copied: | | Date Filed | Cert Copy |
|---|---|---|---|---|
| To have copies faxed to me at the fax number above | 1. Plaintiff's Pretrial Statement | | 10/18/11 | X |
| To request the "search by clerk" service to locate my case number | 2. | | | |
| Note: 1) If we do not have enough information to contact you, we cannot process the request for information. Please provide any information that will allow us to contact you, and 2) Fees and costs pursuant to HRS 607-5 and HRCC 2.2 apply. | 3. | I do hereby certify that this is a full, true, and correct copy of the original on file in this office. | | |
| | 4. | | | |
| | 5. | Clerk, Circuit Court, First Circuit | | |

| DATED: 12/2/2011 | | Other Services: |
|---|---|---|
| Signature | | |

| For Official Use Only | | | | |
|---|---|---|---|---|
| Notified of Estimated Charges: | Yes | No | Est Amt: | |
| Total fees and costs: $5.00 | Memo To Cashier No. 9356 | | | S. TAMANAHA CLERK |
| Paid: Deposit | In Full | Cashier Receipt No. | | 2012 MAR 20 PM 1:23 1ST CIRCUIT COURT STATE OF HAWAII FILED |
| Date completed: 12/2/11 | | By: | | |

Effective 9/27/2010-1-Commencing 10/11/2010
HCRR 4, 9,10.4,10.6 & 10.7

# ORIGINAL

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2012 AUG 21  PM 12: 47

N. ANAYA
CLERK

McKEON IMLAY MEHLING
A Limited Liability Law Company

WILLIAM M. MCKEON       3726-0
KERI MEHLING            8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone: (808) 242-6644
Facsimile: (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
3240 Stone Valley Road West
Alamo, CA 94507-1558
Telephone: (925)838-2090
Facsimile   (925)820-5592

Attorneys for Plaintiffs
The Association of Apartment Owners
Of The Hawaii Kai Peninsula and Board
Of Directors of the Association of Apartment
Owners of The Hawaii Kai Peninsula

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250, | ) CIVIL NO.: 10-1-1751-08 (PWB)<br>) (Contract; Construction Defect; Other)<br>)<br>) NOTICE OF CHANGE IN ADDRESS;<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

RECEIVED
LDB (NIA)    AUG 2 1 2012

                                    )
        Defendants.                 )
                                    )
                                    )

F:\AcctsA-K\AOAO Hawaii Kai Peninsula\Pleadings\Full Caption COS.doc

## NOTICE OF CHANGE IN ADDRESS

Please be advised that the law offices of Berding & Weil, LLP, has moved to 2175 N. California

Boulevard, Ste. 500, Walnut Creek, CA  94596.  Telephone, fax numbers and email addresses remain the

same.  Please change your records to reflect the new address.

        DATED:  Wailuku, Maui, Hawaii, August 20, 2012.

                                    WILLIAM M. McKEON
                                    KERI C. MEHLING
                                    TYLER P. BERDING
                                    Attorneys for Plaintiff

The Association of Apartment Owners of The Hawaii Kai Peninsula and Board of directors of
the Association of Apartment Owners of the Hawaii Kai Peninsula, et al.; Civil No. 10-1-1751-
08 (PWB); NOTICE OF CHANGE IN ADDRESS

                                    2

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors, | ) CIVIL NO.: 10-1-1751-08 (PWB) ) (Contract; Construction Defect; Other) ) ) CERTIFICATE OF SERVICE ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

S:\AcctsA-K\Hawaii Kai Peninsula\Pleadings\Short COS.doc

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof a true and correct copy of

the foregoing was duly served upon the following parties at his/her last known addresses by

United States mail, postage prepaid addressed as follows:

CID H. INOUYE
KRISTI L. ARAKAKI
O'Connor Playdon & Guben
Pacific Guardian Center
Makai Tower
737 Bishop Street, Fl. 24
Honolulu, HI 96813

Attorneys for Defendants
Peninsula Hawaii Kai, LLC, Hearthstone, Inc. and
Stanford Carr Development, LLC

DATED:  Wailuku, Maui, Hawai'i, August 20, 2012.

WILLIAM M. McKEON
KERI MEHLING
TYLER P. BERDING
Attorneys for Plaintiffs

The Association of Apartment Owners of The Hawaii Kai Peninsula and Board of directors of the Association of Apartment Owners of the Hawaii Kai Peninsula, et al.; Civil No. 10-1-1751-08 (PWB); NOTICE OF CHANGE IN ADDRESS

2

ORIGINAL

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2012 SEP 18  AM 8: 58

S. TANAKA
CLERK

MSS

McKEON IMLAY MEHLING
A Limited Liability Law Company

WILLIAM M. MCKEON       3726-0
KERI MEHLING            8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone:  (808) 242-6644
Facsimile:  (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
2175 N. California Blvd., Ste. 500
Walnut Creek, CA  94596
Telephone:  (925)838-2090
Facsimile    (925)820-5592

Attorneys for Plaintiffs
The Association of Apartment Owners
Of The Hawaii Kai Peninsula and Board
Of Directors of the Association of Apartment
Owners of The Hawaii Kai Peninsula

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors, <br><br> Plaintiffs, <br><br> vs. <br><br> PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250, | ) CIVIL NO.: 10-1-1751-08 (PWB) <br> ) (Contract; Construction Defect; Other) <br> ) <br> ) PROOF OF PAYMENT OF THE HAWAII <br> ) STATE BAR ASSOCIATION 2011 <br> ) REGISTRATION FEE FOR TYLER P. <br> ) BERDING ADMITTED *PRO HAC VICE*; <br> ) EXHIBIT "A"; CERTIFICATE OF SERVICE <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

Defendants.                    )
                               )

S:\AcctsA-K\Hawaii Kai Peninsula\Pleadings\Pro Hac Vice\120911 Proof of Payment for 2012.doc

### PROOF OF PAYMENT OF THE HAWAII STATE BAR ASSOCIATION
### 2012 REGISTRATION FEE FOR TYLER P. BERDING ADMITTED *PRO HAC VICE*

Plaintiffs The Association of Apartment Owners of Hawaii Kai Peninsula and Board of

Directors of The Association of Apartment Owners of Hawaii Kai Peninsula, by and through its

counsel, McKeon Imlay Mehling, A Limited Liability Law Company and Berding & Weil, LLP,

hereby submits proof of payment of the Hawaii State Bar Association 2012 registration fee for

Tyler P. Berding of Berding & Weil, LLP (JD 60706), admitted to practice as counsel *pro hac*

*vice* in this matter.

On November 16, 2011, Mr. Berding's 2012 HSBA fee was paid by Berding & Weil

online. Although my office received notice in November of 2011 that Mr. Berding had made the

required *pro hac vice* payment for 2012, my firm inadvertently failed to calendar the filing of the

proof of payment form with this Court for January of 2012, and no such forms were filed.

Attached hereto as Exhibit "A" is a true and correct copy of the 2012 renewal from and

related documents, the HSBA receipt for Mr. Berding's 2012 payment, and a copy of the

Berding & Weil credit card statement confirming payment was made.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information and belief.

DATED: Wailuku, Maui, Hawai'i, September 13, 2012.

WILLIAM M. McKEON
KERI C. MEHLING
TYLER P. BERDING
Attorneys for Plaintiffs

2

BarAlliance Portal

**Portal Home** | **My Account**

Thank you for using the HAWAII STATE BAR ASSOCIATION online licensing form. Your information has been received and will be reviewed.

## HAWAII STATE BAR ASSOCIATION 2012 LICENSING FORM

**PLEASE REVIEW INSTRUCTIONS BELOW BEFORE COMPLETING**

For office use only:   Batch No. _____   Control No. _____   Date Posted _____   Posted By _____

2012 HSBA REGISTRATION INSTRUCTIONS

**Membership Information**

Business *Preferred Mailing Address   JD No.: 060706

TYLER PAUL BERDING

BERDING & WEIL, LLP
3240 STONE VALLEY RD. W
ALAMO, CA 94507

Ph: (925)838-2090
Fax: (925)820-5592
Email: tberding@berding-weil.com

Personal:    441 BOLLA PL.
             ALAMO, CA 94507

Ph: (925)838-2009
Fax:
Email:

| Sections | | 2012 Fee |
|---|---|---|
| **2011 Membership** | | |
| Neighbor Island Bar | Hawaii County Bar | $30.00 |
| | Kauai County Bar | $30.00 |
| | Maui County Bar | $25.00 |
| | West Hawaii Bar | $31.00 |
| **Sections** | Admiralty | $10.00 |
| | Alternative Dispute Resolution | $25.00 |
| | Appellate | $10.00 |
| | Business Law | $15.00 |
| | Child Law Section | $25.00 |
| | Collection Law | $20.00 |
| | Corporate Counsel | $35.00 |
| | Criminal Justice & Cor. | $0.00 |
| | Elder Law | $20.00 |
| | Government Lawyers | $6.00 |
| | Insurance Coverage Litigation | $0.00 |
| | Intellectual Prop.&Tech. | $15.00 |
| | International Law | $15.00 |
| | Labor & Emp. Law | $20.00 |
| | Litigation | $20.00 |

**2012 Fees & Membership Remittance**

Type: |

Status:                    Pro Hac Vice

Fees:
DB                                    $600.00
Pro Hac Vice Admin                    $150.00
Renewal Processing                     $10.00

**2011 Voluntary Memberships:**

**EXHIBIT "A"**

| | | |
|---|---|---|
| Natural Resources | $10.00 | |
| Probate & Estate | $20.00 | |
| Real Prop. & Financial Serv. | $25.00 | |
| Tax | $10.00 | |

**Specialty Bar Association**

| | | | |
|---|---|---|---|
| Afro American Lawyers | $0.00 | | |
| Hawaii Filipino Lawyers | $35.00 | | |
| Hawaii LGBT Legal Assoc | $26.00 | | |
| Hawaii Women Lawyers | $40.00 | | |
| Nat'l Asian Pac. American Bar Assoc. | $25.00 | | |

**2012 Changes:**
Add:
Delete:
**Contributions Optional:**

| | | |
|---|---|---|
| VLSH (optional) | $ | 75.00 |
| LRIS | $ | |

**TOTAL AMOUNT DUE**  **$835.00**

---

## ADDRESS INFORMATION

**Business Address 1** ☑ Check here to make changes

| | |
|---|---|
| Firm | Berding & Weil, LLP |
| Attn | |
| Street 1 | 3240 Stone Valley Rd. W |
| Street 2 | |
| City | Alamo  State CA  Zip Code 94507 |
| Country | USA |
| Phone No | (925)838-2090  Fax No (925)820-5592 |
| E-mail | tberding@berding-weil.com  ⊙ Private ⦿ Public |
| URL | www.berding-weil.com |

**Use this address as:**
☑ Preferred Mailing
☑ Preferred Email
☐ LRIS
☑ SOP
☑ Published Address

**Business Address 2** ☐ Check here to make changes

| | |
|---|---|
| Firm | |
| Attn | |
| Street 1 | |
| Street 2 | |
| City | State  Zip Code |
| Country | |
| Phone No | Fax No |
| E-mail | ⊙ Private ⦿ Public |
| URL | |

**Use this address as:**
☐ Preferred Mailing
☐ Preferred Email
☐ LRIS
☐ SOP
☐ Published Address

**Business Address 3** ☐ Check here to make changes

| | |
|---|---|
| Firm | |

**Use this address as:**

BarAlliance Portal                                                                Page 3 of 6

Attn _____     ☐ Preferred Mailing

Street 1 _____   ☐ Preferred Email

Street 2 _____   ☐ LRIS

City _____ State _____ Zip Code _____   ☐ SOP

Country _____   ☐ Published Address

Phone No _____ Fax No _____

E-mail _____ ⊙ Private ⊙ Public

URL _____

**Residence Address 1** ☐ Check here to make changes

Firm _____     Use this address as:

Attn _____     ☐ Preferred Mailing

Street 1  441 Bolla Pl. _____   ☐ Preferred Email

Street 2 _____   ☐ LRIS

City  Alamo   State  CA   Zip Code  94507   ☐ SOP

Country  USA _____   ☐ Published Address

Phone No  (925)838-2009   Fax No _____

E-mail _____ ⊙ Private ⊙ Public

URL _____

**Residence Address 2** ☐ Check here to make changes

Firm _____     Use this address as:

Attn _____     ☐ Preferred Mailing

Street 1 _____   ☐ Preferred Email

Street 2 _____   ☐ LRIS

City _____ State _____ Zip Code _____   ☐ SOP

Country _____   ☐ Published Address

Phone No _____ Fax No _____

E-mail _____ ⊙ Private ⊙ Public

URL _____

**Residence Address 3** ☐ Check here to make changes

Firm _____     Use this address as:

Attn _____     ☐ Preferred Mailing

Street 1 _____   ☐ Preferred Email

Street 2 _____          ☒ LRIS
City _____ State _____ Zip Code _____          ☒ SOP
Country _____          ☒ Published Address
Phone No _____ Fax No _____
E-mail _____ ⊙ Private ⦿ Public
URL _____

☑ I elect to not receive mailings from third party associates and partners.

I have read the above and certify that the information above is current and correct.

Signature: _____          Date: _____

---

## PRIVATE STATISTICAL INFORMATION

License Number 60567          State CA          Date Admitted / /1974

**Required PROFESSIONAL LIABILITY INSURANCE RSCH Rule 17 (d)(1)(iii): Do you have Professional Liability Insurance coverage? (A) Yes (B) No (C) Not Applicable (not in Private Practice)** A

**Required Structure of Practice : Please select the "Alphabet (ABCDE)" that best describes your practice: (A) Solo Practioner (B) firm of 2-5 attorneys (C) firm of 6-14 attorneys (D) firm of 15 or more attorneys (E) Not Applicable (Not in Private Practice)** D

**Required**

**Mandatory Continuing Professional Education (MCPE) – RCSH 22:** (required for Active members except Judges). During 2011, I have taken (including 2011 carry-over credits) a total of 3 hours of MCPE **(A) Yes (B) Yes (C) Not Applicable (Inactive and Judicial status)**

A

**Required**

**Voluntary Continuing Legal Education (VCLE) – RSCH 22:** During 2011, I have taken **(0 to 100 only)** hours of VCLE (blank answer will default to 0).

0

**Required Disciplinary Action:** During 2011, have you been subject to any professional disciplinary action in any jurisdiction other than Hawaii? If "YES", please mail a copy of the disciplinary action to Office of Disciplinary Counsel, 1132 Bishop St., Ste. 300, Honolulu, HI 96813. ⊙ Yes ⦿ No

**Required Criminal Offenses:** During 2011, have you been arrested, indicted, or convicted of any criminal offenses, excluding petty misdemeanor or violations in any jurisdiction? If "YES", please provide details to the Office of Disciplinary Counsel, 1132 Bishop St., Ste. 300, Honolulu, HI 96813. ⊙ Yes ⦿ No

**Required Report of Pro Bono Services:** See Rule 6.1 of the Hawaii Rules of Professional Conduct. During 2011, I have provided **(0 to 9999 only)** hours of pro bono service (blank answer will default to 0). 0

**Required Bar Journal :** Would you like to receive the monthly Hawaii Bar Journal? **(A) Yes (B) No (C)** I am Inactive member requesting hard copy bar journal. (Inactive members who elect "yes" will receive the Hawaii Bar Journal electronically unless they chose to receive hard copy) B

**Required Bar Directory :** Would you like to receive the 2012-2013 HSBA Bar Directory? (Inactive members and members outside of Hawaii who elect "yes" will receive the HSBA Bar Directory on disk) ⦿ Yes ⊙ No

**Ethnicity :** Please indicate how you identify your race/ethnicity

⦿ Caucasian          ⊙ Chinese          ⊙ Filipino

---

◎ Hawaiian, part Hawaiian   ◎ Other Pacific Islander   ◎ Korean

◎ Japanese   ◎ Afro American   ◎ Others

**Pro Hac Vice Only - Must Answer (A)** ; Name of HSBA Attorney associated with  William M. McKeon

**Pro Hac Vice Only - Must Answer (B):** License Number of the HSBA Attorney you are associated with 3726-0

**Pro Hac Vice Only - Must Answer (C)** : Name of Case which you have been admitted to as Pro Hac Vice Association of Ranchhom

**Pro Hac Vice Only - Must Answer (D)** : Court Approved Date for case you have been admitted to as Pro Hac Vice status 10/27/08

**Pro Hac Vice Only - Must Answer (F)** : The above reference case and/or pro hac vice status have been concluded. ◎ Yes ◉ No

**Pro Hac Vice Only - Must Answer (E)** : Case Number for which you have been admitted to as Pro Hac Vice Civil 09-1-329K

**Pro Hac Vice Only - Must Answer (G)** : My Pro Hac Vice status for the above reference case continues ◉ Yes ◎ No

---

## IOLTA/CLIENT TRUST ACCOUNT CERTIFICATION FORM

**All Attorneys,** whether Active or Inactive, are required to complete this IOLTA Compliance and Certification Form.

I attest and **certify** that the above information is true and correct and certify my compliance with RSCH Rule 11 and HRPC Rule 1.15. I am aware that the original or a copy of this Certification will be provided to the Office of Disciplinary Counsel. I further attest and certify below that I will notify Hawaii Justice Foundation at such time in the future that I establish, join, or change an existing trust account containing nominal or short term client funds that are subject to the IOLTA rule.

1. ◎  In compliance with Supreme Court Rule 11,I/My firm have established and currently maintain the following interest bearing trust account for nominal or short term client deposits, with interest payable to the Hawaii Justice Foundation. I hereby certify compliance with trust accounting procedures of RSCH 11. Please attach an additional page listing information for all accounts.

    Attorney Name: _____

    Bar No.: _____

    Firm: _____

    Trust Account Name: _____

    Financial Institution: _____

    Trust Account No.: _____

    Firm Contact Name: _____

    Telephone Number: _____

2. ◎  I never receive client funds that would require an IOLTA trust account, Rule 11(e)(1).

3. ◎  I do not receive, maintain, or disburse client funds in Hawaii, Rule 11(e)(2). (Note: This selection is for those attorneys who practice in jurisdictions other than Hawaii.)

4. ◉  I am on "inactive" status or "full time judge", "government attorney", or "military attorney", or "Pro Hac Vice", and have no client funds requiring an IOLTA trust account.

**I hereby certify that the above information is complete and accurate:**

Signature: _____   Date: _____

---

## PAYMENT METHOD

◎ Payment by Credit Card

---

Card Type: ⊗ MC  ⊙ VISA

Cardholder Signature: Barbara Norberg Berding and Weil

Account #:                                               : (e.g. 01/12)

Billing Address:                                        A     Zip Co

BarAlliance Portal

Page 1 of 3

Portal Home   My Account

## HAWAII STATE BAR ASSOCIATION 2012 LICENSING FORM

PLEASE REVIEW INSTRUCTIONS BELOW BEFORE COMPLETING

For office use only:  Batch No. _____  Control No. _____  Date Posted _____  Posted By _____

2012 HSBA REGISTRATION INSTRUCTIONS

**Membership Information**

Business *Preferred Mailing Address   ID No.: 060706

TYLER PAUL BERDING                  Personal:  441 BOLLA PL.
                                               ALANO, CA 94507
BERDING & WEIL, LLP
3240 STONE VALLEY RD. W                        Ph: (925)838-2009
ALANO, CA 94507                                Fax:
                                               Email:
Ph: (925)838-2090
Fax: (925)820-5592
Email: tberding@berding-weil.com

| Sections | 2012 Fee | 2012 Fees & Membership Remittance | |
|---|---|---|---|
| **2011 Membership** | | Type: | |
| Neighbor Island Bar □ Hawaii County Bar | $30.00 | Status: | Pro Hac Vice |
| □ Kauai County Bar | $30.00 | Fees: | |
| □ Maui County Bar | $25.00 | DB | $600.00 |
| □ West Hawaii Bar | $31.00 | Pro Hac Vice Admin | $150.00 |
| □ Admiralty | $10.00 | Renewal Processing | $10.00 |
| Sections □ Alternative Dispute Resolution | $25.00 | | |
| □ Appellate | $10.00 | 2011 Voluntary Memberships: | |
| □ Business Law | $15.00 | | |
| □ Child Law Section | $25.00 | | |
| □ Collection Law | $20.00 | | |
| □ Corporate Counsel | $35.00 | | |
| □ Criminal Justice & Cor. | $0.00 | | |
| □ Elder Law | $20.00 | | |
| □ Government Lawyers | $6.00 | | |
| □ Insurance Coverage Litigation | $0.00 | | |
| □ Intellectual Prop.&Tech. | $15.00 | | |
| □ International Law | $15.00 | | |
| □ Labor & Emp. Law | $20.00 | | |
| □ Litigation | $20.00 | | |
| □ Natural Resources | $10.00 | | |
| □ Probate & Estate | $20.00 | 2012 Changes: | |
| □ Real Prop. & Financial Serv. | $25.00 | Add: | |
| □ Tax | $10.00 | Delete: | |
| Specialty Bar Association □ Afro American Lawyers | $0.00 | Contributions Optional: | |
| □ Hawaii Filipino Lawyers | $35.00 | VLSH (optional) | $ 75.00 |
| □ Hawaii LGBT Legal Assoc | $25.00 | LRIS | $ 0.00 |
| □ Hawaii Women Lawyers | $40.00 | | |
| □ Nat'l Asian Pac. American Bar Assoc. | $25.00 | TOTAL AMOUNT DUE | $835.00 |

## ADDRESS INFORMATION

**Business Address 1 ☑ Check here to make changes**

Firm  Berding & Weil, LLP

Attn

Street 1  3240 Stone Valley Rd. W

Street 2

City  Alamo   State  CA   Zip Code  94507

Country  USA

Phone No  (925)838-2090   Fax No  (925)820-5592

E-mail  tberding@berding-weil.com   ○ Private ● Public

URL  www.berding-weil.com

Use this address as:
☑ Preferred Mailing
☑ Preferred Email
☐ LRIS
☑ SOP
☑ Published Address

**Business Address 2 ☐ Check here to make changes**

Firm

Attn

Street 1

Street 2

City   State   Zip Code

Country

Phone No   Fax No

E-mail   ○ Private ● Public

URL

Use this address as:
☐ Preferred Mailing
☐ Preferred Email
☐ LRIS
☐ SOP
☐ Published Address

BarAlliance Portal

**Business Address 3** ☑ Check here to make changes

| Firm | |
|---|---|
| Attn | |
| Street 1 | |
| Street 2 | |
| City | State | Zip Code |
| Country | |
| Phone No | Fax No |
| E-mail | ○ Private ◉ Public |
| URL | |

Use this address as:
- ☐ Preferred Mailing
- ☑ Preferred Email
- ☑ LRIS
- ☑ SOP
- ☑ Published Address

**Residence Address 1** ☑ Check here to make changes

| Firm | |
|---|---|
| Attn | |
| Street 1 | 441 Bolla Pl |
| Street 2 | |
| City | Alamo | State | CA | Zip Code | 94507 |
| Country | USA |
| Phone No | (925) 838-2009 | Fax No |
| E-mail | ◉ Private ○ Public |
| URL | |

Use this address as:
- ☑ Preferred Mailing
- ☑ Preferred Email
- ☑ LRIS
- ☑ SOP
- ☑ Published Address

**Residence Address 2** ☑ Check here to make changes

| Firm | |
|---|---|
| Attn | |
| Street 1 | |
| Street 2 | |
| City | State | Zip Code |
| Country | |
| Phone No | Fax No |
| E-mail | ○ Private ◉ Public |
| URL | |

Use this address as:
- ☑ Preferred Mailing
- ☑ Preferred Email
- ☐ LRIS
- ☑ SOP
- ☑ Published Address

**Residence Address 3** ☑ Check here to make changes

| Firm | |
|---|---|
| Attn | |
| Street 1 | |
| Street 2 | |
| City | State | Zip Code |
| Country | |
| Phone No | Fax No |
| E-mail | ○ Private ◉ Public |
| URL | |

Use this address as:
- ☑ Preferred Mailing
- ☑ Preferred Email
- ☐ LRIS
- ☑ SOP
- ☐ Published Address

☑ I elect to not receive mailings from third party associates and partners.

I have read the above and certify that the information above is current and correct.

Signature: _____ Date: _____

## PRIVATE STATISTICAL INFORMATION

License Number 60567    State CA    Date Admitted //1974

Required PROFESSIONAL LIABILITY INSURANCE RSCH Rule 17 (d)(1)(iii): Do you have Professional Liability Insurance coverage? (A) Yes (B) No (C) Not Applicable (not in Private Practice) A

Required Structure of Practice : Please select the "Alphabet (ABCDE)" that best describes your practice: (A) Solo Practioner (B) firm of 2-5 attorneys (C) firm of 6-14 attorneys (D) firm of 15 or more attorneys (E) Not Applicable (Not in Private Practice) D

Required

Mandatory Continuing Professional Education (MCPE) - RCSH 22: (required for Active members except Judges). During 2011, I have taken (including 2011 carry-over credits) a total of 3 hours of MCPE (A) Yes (B) No (C) Not Applicable (Inactive and Judicial status)

A

Required

Voluntary Continuing Legal Education (VCLE) - RSCH 22: During 2011, I have taken (0 to 100 only) hours of VCLE (blank answer will default to 0).

BarAlliance Portal

0

**Required Disciplinary Action** During 2011, have you been subject to any professional disciplinary action in any jurisdiction other than Hawaii? If "YES", please mail a copy of the disciplinary action to Office of Disciplinary Counsel, 1132 Bishop St., Ste. 300, Honolulu, HI 96813. ⊘ Yes ⊗ No

**Required Criminal Offenses:** During 2011, have you been arrested, indicted, or convicted of any criminal offenses, excluding petty misdemeanor or violations in any jurisdiction? If "YES", please provide details to the Office of Disciplinary Counsel, 1132 Bishop St., Ste. 300, Honolulu, HI 96813. ⊘ Yes ⊗ No

**Required Report of Pro Bono Services:** See Rule 6.1 of the Hawaii Rules of Professional Conduct. During 2011, I have provided (0 to 9999 only) hours of pro bono service (blank answer will default to 0

0

**Required Bar Journal** Would you like to receive the monthly Hawaii Bar Journal? (A) Yes (B) No (C) I am inactive member requesting hard copy bar journal. (Inactive members who elect "yes" will receive the Hawaii Bar Journal electronically unless they chose to receive hard copy) B

**Required Bar Directory :** Would you like to receive the 2012-2013 HSBA Bar Directory? (inactive members and members outside of Hawaii who elect "yes" will receive the HSBA Bar Directory on disk) ⊗ Yes ⊘ No Ethnicity : Please indicate how you identify your race/ethnicity

⊗ Caucasian          ⊘ Chinese          ⊘ Filipino

⊘ Hawaiian, part Hawaiian   ⊘ Other Pacific Islander   ⊘ Korean

⊘ Japanese          ⊘ Afro American          ⊘ Others

Pro Hac Vice Only - Must Answer (A) ; Name of HSBA Attorney associated with [William M. McKeon]

Pro Hac Vice Only - Must Answer (B): License Number of the HSBA Attorney you are associated with [3726-0]

Pro Hac Vice Only - Must Answer (C) : Name of Case which you have been admitted to as Pro Hac Vice [Association of Ranchhon]

Pro Hac Vice Only - Must Answer (D) : Court Approved Date for case you have been admitted to as Pro Hac Vice status [10/27/08]

Pro Hac Vice Only - Must Answer (F) : The above reference case and/or pro hac vice status have been concluded. ⊗ Yes ⊗ No

Pro Hac Vice Only - Must Answer (E) : Case Number for which you have been admitted to as Pro Hac Vice [Civil 09-1-329K]

Pro Hac Vice Only - Must Answer (G) : My Pro Hac Vice status for the above reference case continues ⊗ Yes ⊘ No

## IOLTA/CLIENT TRUST ACCOUNT CERTIFICATION FORM

All Attorneys, whether Active or inactive, are required to complete this IOLTA Compliance and Certification Form.

I attest and certify that the above information is true and correct and certify my compliance with RSCH Rule 11 and HRPC Rule 1.15. I am aware that the original or a copy of this Certification will be provided to the Office of Disciplinary Counsel. I further attest and certify below that I will notify Hawaii Justice Foundation at such time in the future that I establish, join, or change an existing trust account containing nominal or short term client funds that are subject to the IOLTA rule.

1.  ⊘   In compliance with Supreme Court Rule 11, (My firm have established and currently maintain the following interest bearing trust account for nominal or short term client deposits, with interest payable to the Hawaii Justice Foundation. I hereby certify compliance with trust accounting procedures of RSCH 11. Please attach an additional page listing information for all accounts.

> Attorney Name: _____
> Bar No.: _____
> Firm: _____
> Trust Account Name: _____
> Financial Institution: _____
> Trust Account No.: _____
> Firm Contact Name: _____
> Telephone Number: _____

2.  ⊘   I never receive client funds that would require an IOLTA trust account, Rule 11(e)(1).

3.  ⊘   I do not receive, maintain, or disburse client funds in Hawaii, Rule 11(e)(2). (Note: This selection is for those attorneys who practice in jurisdictions other than Hawaii.)

4.  ⊘   I am an "inactive" status or "full time judge", "government attorney", or "military attorney", or "Pro Hac Vice", and have no client funds requiring an IOLTA trust account.

I hereby certify that the above information is complete and accurate:

Signature: _____          Date: _____

## PAYMENT METHOD

⊗ Payment by Credit Card

> Card Type: ⊗ MC ⊘ VISA
> Cardholder Signature: _____
> Account #: _____  Expiration Date: (e.g. 01/12) _____
> Billing Address: _____  Zip Code _____

## Kathleen A. O'Neill

| | |
|---|---|
| **To:** | LCastillo@hsba.org |
| **Subject:** | 2012 HSBA Renewal for Tyler Berding JD#60706 |
| **Importance:** | High |

Ms. Castillo,

The 2012 HSBA Renewal was completed for Tyler Berding, JD #60706 yesterday. Mr. Berding's member status is Pro Hac Vice. He has been admitted into 3 cases. As the renewal form only allows information for one case to be shown, I have attached a document to this email that lists information regarding all 3 cases in which Mr. Berding has been admitted as Pro Hac Vice. Please contact me if you require further information.

Please note that I have tried to confirm that the 2012 renewal was accepted. I tried to go on to the HSBA portal and log-in on his behalf and the password created yesterday was not accepted. To add to the problems, the site doesn't recognize his email address and says it is not on file even though it was included in the 2011 HSBA renewal.

Please advise how to recover Mr. Berding's password.

Thank you.

**Kathleen O'Neill**
Legal Assistant
koneill@berding-weil.com

## BERDING | WEIL

3240 Stone Valley Road West
Alamo, CA 94507
Phone:    925/838-2090
Fax:       925/820-5592
Website:   berding-weil.com

This communication is intended to be protected by all applicable privileges, including those protecting attorney client communications and attorney work-product information. Use of this communication or its information without approval is prohibited.

1

Date:  November 16, 2011

**Hawaii State Bar Association 2012 Renewal**

Tyler Paul Berding
JD No. 060706
**Status:  Pro Hac Vice**

Admitted to Pro Hac Vice status in the following three cases:

1.  **Case Name:  Association of Ranchhome Owners of Holo Holo Ku at Parker Ranch v.  Kamuela Associates, et al.**

    Case Number:  Civil 09-1-329K

    Court Name:  Circuit Court of the Third Circuit, Kona Division

    Associated Counsel:  William M. McKeon; HSBA # 3726-0

    Court Approved Date:  10/27/08; Status of Case:  Continues

    **Note:  the above case was included on the 2012 HSBA renewal form**

2.  **Case Name:  The Association of Apartment Owners of the Hawaii Kai Peninsula, et al. v.  Peninsula Hawaii Kai, LLC, et al.**

    Case Number:  Civil 10-1-1751-08 [PWB]

    Court Name:  Circuit Court of the First Circuit

    Associated Counsel:  William M. McKeon; HSBA # 3726-0

    Court Approved Date:  1/18/11; Status of Case:  Continues

3.  **Case Name:  The Association of Apartment Owners of Kehalani Gardens v. Stanford Carr Development, LLC, et al.**

    Case Number:  Civil 10-1-0201(1)

    Court Name:  Circuit Court of the Second Circuit

    Associated Counsel:  William M. McKeon; HSBA # 3726-0

    Court Approved Date:  4/28/11; Status of Case:  Continues

| Tyler Paul Berding | | Transactions | | | | | Disbursed ▼ |
|---|---|---|---|---|---|---|---|

**Tyler Paul Berding**

Brief Summary
- **JD No.:** 060706
- **License Type:** I
- **License Status:** Pro Hac Vice
- **Discipline:** --

**Admitted HI Bar:**
- **License Cycle:** 2012
- **CLE Cycle:** 2008
- **Credits:** None

**Member Search  [ Previous ]**

JD No.  ▼  🔍

| | Modified | Amount | Batch | Control # | By |
|---|---|---|---|---|---|
| 🖬 | 11/16/2011 | $835.00 | V20111115 | 3982523517 | 60706Berding |

| Disbursement Item | Amt. | Payer |
|---|---|---|
| Disciplinary Board | $600.00 | Barbara Norberg Berding and Weil |
| LRIS | $0.00 | Barbara Norberg Berding and Weil |
| Pro Hac Vice Admin | $150.00 | Barbara Norberg Berding and Weil |
| Renewal Processing | $10.00 | Barbara Norberg Berding and Weil |
| VLSH (optional) | $75.00 | Barbara Norberg Berding and Weil |



# Bank of America

**Platinum Plus® for Business**

BARBARA NORBERG

October 24, 2011 - November 23, 2011

Cardholder Statement

**Account Information:**
www.bankofamerica.com

**Mail Billing Inquiries to:**
BANK OF AMERICA
PO BOX 982238
EL PASO, TX 79998-2238

**Mail Payments to:**
BUSINESS CARD
PO BOX 15796
WILMINGTON, DE 19886-5796

**Customer Service:**
1.800.673.1044, 24 Hours

**TTY Hearing Impaired:**
1.888.500.6267, 24 Hours

**Outside the U.S.:**
1.509.353.6656, 24 Hours

**For Lost or Stolen Card:**
1.800.673.1044, 24 Hours

**Business Offers:**
www.bankofamerica.com/mybusinesscenter

## Payment Information

| | |
|---|---|
| New Balance Total | $884.03 |
| Minimum Payment Due | $10.00 |
| Payment Due Date | 12/20/11 |

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance.

## Account Summary

| | |
|---|---|
| Previous Balance | $50.40 |
| Payments and Other Credits | -$50.40 |
| Balance Transfer Activity | $0.00 |
| Cash Advance Activity | $0.00 |
| Purchases and Other Charges | $884.03 |
| Fees Charged | $0.00 |
| Finance Charge | $0.00 |
| New Balance Total | $884.03 |
| | |
| Credit Limit | $5,500 |
| Credit Available | $4,615.97 |
| Statement Closing Date | 11/23/11 |
| Days in Billing Cycle | 31 |

## Transactions

| Posting Date | Transaction Date | Description | Reference Number | Amount |
|---|---|---|---|---|
| 11/16 | 11/12 | PAYMENT RECEIVED -- THANK YOU | 31674405350000501017229 | -50.40 |
| 11/17 | 11/16 | HAWAII STATE BAR ASSOC  808-5371868  HI | 85505931320900012196821 | 835.00 |

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

THE ASSOCIATION OF APARTMENT ) CIVIL NO.: 10-1-1751-08 (PWB)
OWNERS OF THE HAWAII KAI ) (Contract; Construction Defect; Other)
PENINSULA and BOARD OF DIRECTORS )
OF THE ASSOCIATION OF APARTMENT ) CERTIFICATE OF SERVICE
OWNERS OF THE HAWAII KAI )
PENINSULA, an unincorporated )
association, by its Board of Directors, )
)
       Plaintiffs, )
)
vs. )
)
PENINSULA HAWAII KAI, LLC, A )
Hawaii limited liability company; )
HEARTHSTONE, INC., a California )
corporation; STANFORD CARR )
DEVELOPMENT; LLC, a Hawaii limited )
liability company and DOES 1-250, )
)
      Defendants. )
)

S:\AcctsA-K\Hawaii Kai Peninsula\Pleadings\Short COS.doc

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof a true and correct copy of

the foregoing was duly served upon the following parties at his/her last known addresses by

United States mail, postage prepaid addressed as follows:

      CID H. INOUYE
      KRISTI L. ARAKAKI
      O'Connor Playdon & Guben
      Pacific Guardian Center
      Makai Tower
      737 Bishop Street, Fl. 24
      Honolulu, HI 96813

      Attorneys for Defendants
      Peninsula Hawaii Kai, LLC, Hearthstone, Inc. and
      Stanford Carr Development, LLC

DATED:  Wailuku, Maui, Hawai'i, September 13, 2012.

WILLIAM M. McKEON
KERI MEHLING
TYLER P. BERDING
Attorneys for Plaintiffs

The Association of Apartment Owners of The Hawaii Kai Peninsula and Board of directors of the Association of Apartment Owners of the Hawaii Kai Peninsula, et al.; Civil No. 10-1-1751-08 (PWB); CERTIFICATE OF SERVICE

2

ORIGINAL

McKEON IMLAY MEHLING
A Limited Liability Law Company

WILLIAM M. MCKEON          3726-0
KERI MEHLING               8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone:  (808) 242-6644
Facsimile:  (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
2175 N. California Blvd., Ste. 500
Walnut Creek, CA  94596
Telephone:  (925)838-2090
Facsimile   (925)820-5592

Attorneys for Plaintiffs
The Association of Apartment Owners
Of The Hawaii Kai Peninsula and Board
Of Directors of the Association of Apartment
Owners of The Hawaii Kai Peninsula

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2012 SEP 21  PM 12:33

S. TAMASHIA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors, | ) ) ) ) ) ) ) ) | CIVIL NO.: 10-1-1751-08 (PWB) (Contract; Construction Defect; Other)  ERRATA TO PROOF OF PAYMENT OF THE HAWAII STATE BAR ASSOCIATION 2011 REGISTRATION FEE FOR TYLER P. BERDING ADMITTED *PRO HAC VICE*, FILED ON SEPTEMBER 18, 2012; |
| Plaintiffs, | ) ) ) | CERTIFICATE OF SERVICE |
| vs. | ) ) | |
| PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250, | ) ) ) ) ) ) ) ) | |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

Defendants.                      )
                                 )
_____
S:\AcctsA-K\Hawaii Kai Peninsula\Pleadings\Pro Hac Vice\120911 Proof of Payment for 2012.doc

## ERRATA TO PROOF OF PAYMENT OF THE HAWAII STATE BAR ASSOCIATION 2011 REGISTRATION FEE FOR TYLER P. BERDING ADMITTED *PRO HAC VICE*, FILED ON SEPTEMBER 18, 2012

Plaintiffs The Association of Apartment Owners of Hawaii Kai Peninsula and Board of Directors of The Association of Apartment Owners of Hawaii Kai Peninsula, through its undersigned counsel, respectfully submits this errata to correct the caption of the Proof of Payment of The Hawaii State Bar Association 2011 Registration Fee for Tyler P. Berding Admitted Pro Hac Vice, filed herein on September 18, 2012, to read as follows:

Proof of Payment of The Hawaii State Bar Association **2012** Registration Fee for Tyler P. Berding Admitted Pro Hac Vice; Exhibit "A"; Certificate of Service.

DATED:  Wailuku, Maui, Hawai'i, September 20, 2012.

_____
WILLIAM M. McKEON
KERI C. MEHLING
TYLER P. BERDING
Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors,<br><br>          Plaintiffs,<br><br>     vs.<br><br>PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250,<br><br>          Defendants. | ) CIVIL NO.: 10-1-1751-08 (PWB)<br>) (Contract; Construction Defect; Other)<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

S:\AcctsA-K\Hawaii Kai Peninsula\Pleadings\Short COS.doc

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof a true and correct copy of

the foregoing was duly served upon the following parties at his/her last known addresses by

United States mail, postage prepaid addressed as follows:

> CID H. INOUYE
> KRISTI L. ARAKAKI
> O'Connor Playdon & Guben
> Pacific Guardian Center
> Makai Tower
> 737 Bishop Street, Fl. 24
> Honolulu, HI 96813
>
> Attorneys for Defendants
> Peninsula Hawaii Kai, LLC, Hearthstone, Inc. and
> Stanford Carr Development, LLC

DATED: Wailuku, Maui, Hawai'i, September 20, 2012.

WILLIAM M. McKEON
KERI MEHLING
TYLER P. BERDING
Attorneys for Plaintiffs

The Association of Apartment Owners of The Hawaii Kai Peninsula and Board of directors of the Association of Apartment Owners of the Hawaii Kai Peninsula, et al.; Civil No. 10-1-1751-08 (PWB); CERTIFICATE OF SERVICE

2

# ORIGINAL

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2012 SEP 28  PM 2: 18

*H. Chin*

H. CHING
CLERK

MCKEON IMLAY MEHLING
A Limited Liability Law Company

WILLIAM M. MCKEON       3726-0
KERI MEHLING            8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone:  (808) 242-6644
Facsimile:  (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
2175 N. California Blvd., Ste. 500
Walnut Creek, California  94596
Telephone:  (925) 838-2090
Facsimile    (925) 820-5592

Attorneys for Plaintiffs

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, a Hawaii nonprofit corporation, by its Board of Directors,<br><br>            Plaintiffs,<br><br>    vs.<br><br>PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company and DOES 1-250,<br><br>            Defendants. | ) CIVIL NO.: 10-1-1751-08 (PWB)<br>) (Negligence; Other)<br>)<br>) CERTIFICATE OF SERVICE<br>) *[Re:  Plaintiffs' Supplemental Response to*<br>) *Defendant Stanford Carr Development, LLC's*<br>) *First Request For Answers to Interrogatories*<br>) *And __Specifically For Production of__*<br>) *__Documents__ to Plaintiffs Association of*<br>) *Apartment Owners of The Hawaii Kai*<br>) *Peninsula And Board of Directors of The*<br>) *Association of Apartment Owners of The*<br>) *Hawaii Kai Peninsula]*<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

S:\AcctsA-K\AOAO Hawaii Kai Peninsula\Discovery\Discovery COS.doc

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

CERTIFICATE OF SERVICE
*[Re: Plaintiffs' Supplemental Response to*
*Defendant Stanford Carr Development, LLC's First Request For Answers*
*to Interrogatories And **Specifically For Production of Documents** to*
*Plaintiffs Association of Apartment Owners of The*
*Hawaii Kai Peninsula And Board of Directors of*
*The Association of Apartment Owners of The Hawaii Kai Peninsula*]

I hereby certify that on the date hereof the original and one copy of Plaintiffs' Supplemental Response to Defendant Stanford Carr Development, LLC's First Request For Answers to Interrogatories And **Specifically For Production of Documents** to Plaintiffs Association of Apartment Owners of The Hawaii Kai Peninsula And Board of Directors of The Association of Apartment Owners of The Hawaii Kai Peninsula, was duly served upon the following party and/or counsel via U.S. Mail addressed as follows:

| Attorney/Party | Original | Copy | Fax | U.S. Mail | Email |
|---|---|---|---|---|---|
| Cid H. Inouye<br>O'Connor Playdon & Guben<br>Pacific Guardian Center<br>Makai Tower<br>733 Bishop Street, Fl. 234<br>Honolulu, HI 96813 | [ X ] | [X] | [ ] | [X] | [ ] |

Attorney for Defendants
Stanford Carr Development, LLC,
Hearthstone, Inc. and
Peninsula Hawaii Kai, LLC

DATED:  Wailuku, Maui, Hawai'i, September 27, 2012.

WILLIAM M. McKEON
KERI C. MEHLING
TYLER P. BERDING
Attorneys for Plaintiffs

2

ORIGINAL

1ST CIRCUIT COURT,
STATE OF HAWAII
FILED

2012 DEC -6 PM 1:14

N. ANAYA
CLERK

MSS

McKEON IMLAY MEHLING
A Limited Liability Law Company

WILLIAM M. MCKEON      3726-0
KERI MEHLING           8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone:  (808) 242-6644
Facsimile:  (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
2175 N. California Blvd., Ste. 500
Walnut Creek, CA  94596
Telephone:  (925)838-2090
Facsimile   (925)820-5592

Attorneys for Plaintiffs
The Association of Apartment Owners
Of The Hawaii Kai Peninsula and Board
Of Directors of the Association of Apartment
Owners of The Hawaii Kai Peninsula

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors, | ) CIVIL NO.: 10-1-1751-08 (PWB) <br> ) (Contract; Construction Defect; Other) <br> ) <br> ) PROOF OF PAYMENT OF THE HAWAII <br> ) STATE BAR ASSOCIATION 2013 <br> ) RENEWAL FEE FOR TYLER P. BERDING <br> ) ADMITTED *PRO HAC VICE*; EXHIBIT "A"; <br> ) CERTIFICATE OF SERVICE |
| Plaintiffs, | ) <br> ) |
| vs. | ) <br> ) |
| PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250, | ) <br> ) <br> ) <br> ) Trial Date:  None <br> ) <br> ) |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

RECEIVED
DEC - 6 2012

Defendants.                    )
                               )

S:\AcctsA-K\Hawaii Kai Peninsula\Pleadings\Pro Hac Vice\121205 Proof of Payment for 2013 (TB).doc

## PROOF OF PAYMENT OF THE HAWAII STATE BAR ASSOCIATION
## 2013 RENEWAL FEE FOR TYLER P. BERDING ADMITTED *PRO HAC VICE*

Plaintiffs The Association of Apartment Owners of The Hawaii Kai Peninsula and Board of Directors of The Association of Apartment Owners of The Hawaii Kai Peninsula, an unincorporated association, by its Board of Directors, by and through its counsel, McKeon Imlay Mehling, A Limited Liability Law Company and Berding & Weil, LLP, hereby submits proof of payment of the Hawaii State Bar Association ("HSBA") 2013 renewal fee for Tyler P. Berding of Berding & Weil, LLP (JD 60706), admitted to practice as counsel *pro hac vice* in this matter.

On December 4, 2012, Mr. Berding paid his 2013 HSBA renewal fee electronically. Attached hereto as Exhibit "A" is a true and correct copy of the HSBA's electronic payment receipt for Mr. Berding's 2013 license renewal payment.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: Wailuku, Maui, Hawai'i, December 5, 2012.

WILLIAM M. McKEON
KERI C. MEHLING
TYLER P. BERDING
Attorneys for Plaintiffs

2

Page 1 of 1

**Tyler Berding**

Thank you for your cooperation during the 2013 license renewal period. The summary provided is a payment receipt of all items and amounts paid to the HSBA and other entities consistent with the licensing form submitted. A manual audit of all forms submitted has yet to be completed. As a result, this receipt should NOT be construed as a confirmation certificate of completion.

Please verify the below details:
Member name : Tyler Berding
transaction ID : 4836380243

Date :12/04/2012 03:22 PM

| Batch :V20121204 | TransactionDate:12/4/2012 |
| --- | --- |
| Description | Amount |
| Civic Education Program (optional) | $20.00 |
| Disciplinary Board | $600.00 |
| Pro Hac Vice Admin | $150.00 |
| Renewal Processing | $10.00 |
| Volunteer Legal Services Hawaii (optional) | $75.00 |
| **Total:** | **$855.00** |

**Thank You,**
**Hawaii State Bar Association**

EXHIBIT "A"

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors, | CIVIL NO.: 10-1-1751-08 (PWB) (Contract; Construction Defect; Other) CERTIFICATE OF SERVICE |
| Plaintiffs, | |
| vs. | |
| PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250, | |
| Defendants. | |

S:\AcctsA-K\Hawaii Kai Peninsula\Pleadings\Short COS.doc

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof a true and correct copy of

the foregoing was duly served upon the following parties at his/her last known addresses by

United States mail, postage prepaid addressed as follows:

CID H. INOUYE
KRISTI L. ARAKAKI
O'Connor Playdon & Guben
Pacific Guardian Center
Makai Tower
737 Bishop Street, Fl. 24
Honolulu, HI 96813

Attorneys for Defendants
Peninsula Hawaii Kai, LLC, Hearthstone, Inc. and
Stanford Carr Development, LLC

DATED:  Wailuku, Maui, Hawai'i, December 5, 2012.

WILLIAM M. McKEON
KERI MEHLING
TYLER P. BERDING
Attorneys for Plaintiffs

The Association of Apartment Owners of The Hawaii Kai Peninsula and Board of directors of the Association of Apartment Owners of the Hawaii Kai Peninsula, et al.; Civil No. 10-1-1751-08 (PWB); CERTIFICATE OF SERVICE

SLC

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2013 FEB 14 AM 11: 16

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

B. TERAOKA
CLERK

|  |  |  |
|---|---|---|
| Reassignment of Case to The Honorable JEANNETTE H. CASTAGNETTI | ) ) ) ) ) ) ) | CIVIL NO. 10-1-001751 () |

REASSIGNMENT OF CASE TO THE HONORABLE JEANNETTE H. CASTAGNETTI

RE:   CIVIL NO. 10-1-001751 ()
      AOAO HI KAI PENINSULA ETAL VS PENINSULA HI ETAL

The undersigned clerk provided a copy of this document with the attached   SUPPLEMENTAL ORDER OF ASSIGNMENT   filed on <u>FEBRUARY 4, 2013    </u>, to the following by U.S. mail.

DATED: HONOLULU, HAWAI'I       <u>FEBRUARY 14, 2013       </u>.

FOR CALVIN CHINE
<u>Clerk of the above-entitled Court</u>

Plaintiff(s) Attorney(s)          Defendant(s) Attorney(s)

MCKEON, WILLIAM M                 INOUYE, HIDEO
2145 KAOHU ST., STE. 203          PACIFIC GUARDIAN CTR., MAKAI T
STE. 203                          733 BISHOP ST., FL. 24
WAILUKU, HI   96793               HONOLULU, HI   96813

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

CIVIL                                                    Page   2
     No.   10-1-001751 ()

Plaintiff(s) Attorney(s)        Defendant(s) Attorney(s)


MEHLING, KERI C                 ARAKAKI, KRISTI L
HGEA BLDG.                      733 BISHOP ST., 24TH FLR.
2145 KAOHU ST., STE. 203        HONOLULU, HI  96813
WAILUKU, HI  96793


DVONCH, MATTHEW S
AMERICAN SAVINGS BANK TOWER
1000 BISHOP STREET, SUITE 1300
HONOLULU, HI  96813

**Electronically Filed
Supreme Court
SCMF-11-0000100
04-FEB-2013
10:23 AM**

SCMF-11-0000100

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

In the Matter of the Assignment of
the Judges of the Circuit Court
of the First Circuit, State of Hawaiʻi

---

SUPPLEMENTAL ORDER OF ASSIGNMENT
(By: Recktenwald, C.J.)

IT IS HEREBY ORDERED that the judges of the Circuit Court of the First Circuit listed below are assigned as follows effective February 19, 2013 until further ordered:

FIFTH DIVISION:

**THE HONORABLE JEANNETTE H. CASTAGNETTI**, FIFTH JUDGE, PRESIDING

The Civil Division.

SEVENTH DIVISION:

**THE HONORABLE DEAN E. OCHIAI**[1], SEVENTH JUDGE, PRESIDING

The Family Division, including primarily domestic violence cases.

SIXTEENTH DIVISION:

**THE HONORABLE PATRICK W. BORDER**, SIXTEENTH JUDGE, PRESIDING

The Criminal Division.


IT IS FURTHER ORDERED that all civil cases previously assigned to the Honorable Patrick W. Border shall be transferred and reassigned effective February 19, 2013, to the Honorable Jeannette H. Castagnetti for all pretrial activities (including pretrial motions), trial, and disposition, pursuant to the Order Authorizing the Implementation of an Individual Trial Calendar System, filed December 3, 1999.  All pleadings filed from February 19, 2013 for cases previously assigned to Judge Border (i.e., those cases with "PWB" as part of the case number) shall reflect the initials "JHC" as part of the applicable case number.

DATED: Honolulu, Hawaiʻi, February 4, 2013.

/s/ Mark E. Recktenwald

Chief Justice



---

[1] Dean E. Ochiai will be sworn-in as seventh judge of the Circuit Court of the First Circuit on Friday, February 15, 2013 at 4:00 p.m.

ORIGINAL

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2013 MAY 24  PM 1: 05

A. MARPLE
CLERK

CA₁

McKEON IMLAY MEHLING
A Limited Liability Law Company

WILLIAM M. McKEON      3726-0
KERI MEHLING          8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone:  (808) 242-6644
Facsimile:  (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
2175 N. California Blvd., Suite 500
Walnut Creek, CA 94596
Telephone:  (925)838-2090
Facsimile      (925)820-5592

Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors,<br><br>Plaintiffs,<br><br>vs.<br><br>PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250,<br><br>Defendants. | ) CIVIL NO.: 10-1-1751-08 (JHC)<br>) (Contract; Construction Defect; Other)<br>)<br>) CASE MANAGEMENT ORDER RE<br>) PLEADINGS, DISCOVERY, PRE-TRIAL<br>) AND SETTLEMENT MATTERS; EXHIBITS<br>) "A" – "G"<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) NO TRIAL DATE SET<br>)<br>) |

S:\Accts\A-K\Hawaii Kai Peninsula\Pleadings\Case Management Order\130425 CMO - FINAL.doc

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

_____
Clerk, Circuit Court, First Circuit

**CASE MANAGEMENT ORDER RE**

**PLEADINGS, DISCOVERY, PRE-TRIAL AND SETTLEMENT MATTERS**

This is a construction defect case involving the condominium project known as "The Hawaii Kai Peninsula" located in Hawaii Kai, Oahu (the "Project"). The Project consists of five different product types and 630 units. This action involves three of those product types (The Colony, The Villas and The Cottages) and a total of 535 apartments, as well as the common areas and public buildings of the entire Project. The claims involve numerous parties: the developers, design professionals, contractors, subcontractors, suppliers and manufacturers of the Project. The investigation and discovery related to the claims involves numerous expert and lay witnesses, tens of thousands of documents and issues that are numerous, complicated and technical. As such, the parties have stipulated to this Case Management Order Re Pleadings, Discovery, Pre-Trial And Settlement Matters ("Order") for the purpose of promoting efficient and economical case management and to assist the parties in resolving their disputes short of trial through mediation, thereby reducing the costs and difficulties associated with discovery and litigation for all concerned.

Therefore, Plaintiff THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA ("Plaintiffs"), through their counsel, McKeon Imlay Mehling, A Limited Liability Law Company and Berding & Weil, LLP, and Defendant PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company, HEARTHSTONE, INC., a California corporation, and STANFORD CARR DEVELOPMENT LLC ("Defendants"), by and through its counsel, O'Connor Playdon & Guben, stipulate, and for good cause shown, THE COURT ORDERS, as follows:

1.      **Service of This Order.**  A copy of this Order, and all subsequent orders, shall be served with the complaint, third party complaint and/or any cross-complaint bringing in a new party.

2.      **Service of Cross-Complaints.**  The parties shall use their best efforts to file their third party and/or cross-complaints and serve third-party defendants within ninety (90) days of the receipt of Plaintiffs' experts' preliminary and/or supplemental reports and the filing of this Order, or thirty (30) days from the date of being served with any complaint, cross-complaint, third-party complaint, or receipt of Plaintiffs' experts' preliminary and/or supplemental reports, whichever is later.  Defendants reserve the right to request a reasonable amount of additional time to file and serve third party and/or cross-complaints, which Plaintiffs shall not unreasonably refuse to grant.  Leave of Court to add a new party shall not be required where every party who has appeared herein has signed a stipulation to that effect.  The time to add new parties may be extended by the Court upon motion with good cause being shown.  The failure to serve within the time limits set forth herein is not jurisdictional and shall not be construed as a defense to any action brought against any defendant or cross-defendant.

3.      **Notice of Appearance.**  Each party who has not made an appearance in this case as of the filing of this Order shall file a written Notice of Appearance in Lieu of Answer ("Notice of Appearance") with the Court and also shall sign and serve on all counsel the attached Joinder In Case Management Order Re Pleadings, Discovery, Pre-Trial And Settlement Matters (**Exhibit "A"**), within thirty (30) days of being served with any complaint or cross-complaint.  Such Notice shall identify with specificity each party which counsel purports to represent, and it shall include the complete address and fax number of counsel for the appearing party.  Each party who has filed an answer at the time of the filing of this Order shall be deemed to have complied with

2

this provision. Nothing in this Order shall be construed as modifying or otherwise affecting any order granting pro hac vice admission of counsel.

    4.    **Pleadings.**

    (a)    Upon appearing in the action by the filing of a Notice of Appearance, or for those parties who appeared in the action previously, it shall hereafter be deemed that: (1) all defendants and cross-defendants have filed and served cross-complaints for implied equitable indemnity and for a determination of comparative negligence against all other defendants and cross-defendants; (2) all allegations of the complaint and such cross-complaints are generally denied; and (3) all affirmative defenses listed in **Exhibit "B"** attached hereto are deemed raised by the filing of a Notice of Appearance in response to the complaint and to all deemed cross-complaints. Any complaint or cross-complaint other than for implied equitable indemnity or comparative negligence, and particularly raising express indemnity claims, and any answer raising an affirmative defense not listed in **Exhibit "B"** must be separately pled. Nothing in this Order shall be deemed to alter, waive or affect any applicable chapters or provisions of Title 11 of the United States Code.

    (b)    Dismissal of the complaint by Plaintiffs as to any Defendant during pendency of the litigation shall not affect claims for indemnity deemed filed by cross-complainants.

    5.    **Scope of Order.** This Order, as may be modified and supplemented by further orders of this Court, shall govern all further discovery and case management. Other than as specifically set forth herein, this Order shall not supersede any other Court rules applicable to discovery not contemplated by this Order.

6. **Discovery Master and Mediator**. Keith W. Hunter ("Hunter") is hereby selected and appointed Discovery Master and Mediator in this action, with all of the applicable powers and authority granted hereby and pursuant, respectively, to Rule 16, *Pre-trial conferences, scheduling, management,* Hawai'i Rules of Civil Procedure, and Rule 12.2, *Alternative Dispute Resolution,* Rules of the Circuit Courts. The proceedings before Discovery Master and Mediator Hunter shall be conducted pursuant to the: (1) Protocols Governing Discovery attached hereto as **Exhibit "C"** and (2) Mediation Rules, Procedures & Protocol of Dispute Prevention & Resolution, Inc. attached hereto as **Exhibit "D"**, which exhibits are incorporated herein by reference, as may be modified from time to time by the written agreement of all parties. Discovery Master and Mediator Hunter shall be compensated at his customary hourly rate for his services (currently $350.00 per hour) and for costs reasonably and necessarily incurred, plus GET, and the parties shall each pay an equal share of such fees and costs, or shall pay a share as may be directed and/or ordered by Discovery Master and Mediator Hunter. Discovery Master and Mediator Hunter shall invoice the parties' counsel directly for his fees and costs.

7. **Stay on Discovery.** Discovery will proceed as set forth in this Order. All discovery other than the discovery contemplated by this Order, shall be stayed until after mediation has been terminated by any party, except: (1) for good cause demonstrated on application to Discovery Master Hunter; and (2) as provided in this and any future orders approved by the Court. This stay does not apply to discovery of non-parties. Unless agreed to by all parties, the stay on discovery shall be lifted upon termination of mediation proceedings by any party.

4

8.     **Production of Documents.**

(a)     The term "document" has the same meaning as the term "writing" as defined in the Hawaii Rules of Civil Procedure, and is meant to be all inclusive.

(b)     Within sixty (60) days of the date of this Order, or the filing of a Notice of Appearance, whichever is later, each party shall provide all non-privileged documents in its possession, custody or control pertaining to the planning, approval, permitting, development, design, construction, supplying of labor, materials and/or repairs/maintenance of the subject property, or otherwise relating to the claims made herein, including defective product manufacturing and design claims, that are relevant or reasonably calculated to lead to the discovery of admissible evidence in accordance with Rule 26(b)(1) of the Hawaii Rules of Civil Procedure.  A general index of all documents produced will be provided with each production.

(c)     On the date of production, any party withholding documents on the basis of privilege, or for any other reason, shall provide each other party with a general list of those documents being withheld, identifying each such document by subject, date, addressor, addressee, document number and briefly stating the reason for withholding such document (e.g., attorney-client privilege, attorney-work product, trade secret, etc.).

(d)     Each party shall be given a letter or number designation.  Each document is to be Bates stamped, numbered, and given the appropriate letter or number designation.  The current designations are as follows:

HKP; COLHKP; COTHKP; VILHKP; KNOXHKP & WJEHKP = Plaintiffs

S = Defendants Stanford Carr Development

As new parties enter the case, Plaintiffs shall provide them with their appropriate designation, and advise them that all documents produced shall be numbered sequentially with the

designation assigned.   It is the responsibility of the appearing party to contact Plaintiffs to receive their designation.

(e)     Later problems or questions which arise concerning these procedures shall be addressed to the Discovery Master Hunter for resolution.

9.     **Insurance/Subrogation Interrogatories**

(a)     Within thirty (30) days of the date of this Order, or the filing of a Notice of Appearance, whichever is later, each party, excluding Plaintiffs, shall serve on Plaintiffs and all other parties, answers verified under oath pursuant to HRCP 33, to the insurance/subrogation interrogatories attached hereto as **Exhibit "E".**   In addition, each party shall produce as part of its production of documents as set forth in Paragraph 8 herein, complete copies of all potentially applicable policies, including all endorsements, riders and/or exhibits. Any insurance policies withheld from this production shall be identified as set forth in 8 (c) above.

(b)     If any party to this litigation is named as an additional insured, a complete copy of this policy, including all additional insured certificates concerning any party to this case and/or endorsements, must be produced to the other parties.

(c)     All parties have an affirmative obligation to update, amend or supplement their insurance/subrogation/collateral source information upon learning of any change in carrier position or upon discovery of any additional insurance policies or information not previously disclosed.   Any party may apply to the Court for an order requiring another party to produce a copy of its insurance policies.

10.     **Scope of Work Interrogatories**.   Within sixty (60) calendar days of this Order, or the filing of a Notice of Appearance, whichever is later, each party, other than Plaintiffs, shall serve on Plaintiffs and all other parties, answers verified under oath pursuant to HRCP Rule 33,

to the Scope of Work Interrogatories, attached hereto as **Exhibit "F"**. As part of their response to the Scope of Work Interrogatories, each responding party will also produce all documents in their possession, in the manner prescribed in Paragraph 8 herein, which will assist Plaintiffs in identifying each design professional, contractor, sub-contractor and manufacturer involved in the construction of the Project and the scope of their work. To the extent a party is unable to provide a complete response to the Statement of Work Interrogatories within sixty (60) days, said party shall have a continuing obligation to provide information as it becomes known, and shall issue a Supplemental Response to the Scope of Work Interrogatories. Any party shall have the right to request supplementation to any other party's response to the Scope of Work Interrogatories. Any supplemental response shall be due within thirty (30) days of the request.

11. **Privilege as to Discussions and Meetings**. No evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation is admissible or subject to discovery, and disclosure of the evidence shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.

No writing that is prepared for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation, is admissible or subject to discovery, and disclosure of the writing shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.

All communications, negotiations, or settlement discussions by and between participants in the course of mediation or a mediation consultation shall remain confidential.

7

Evidence otherwise admissible or subject to discovery outside of mediation or a mediation consultation shall not be or become inadmissible or protected from disclosure solely by reason of its introduction or use in a mediation or a mediation consultation.

12. **Investigation and Destructive Testing**. Unless otherwise agreed by all parties, once Plaintiffs have served their Statement of Claims, Defects, and Damages set forth in Paragraph 14 herein, Defendants and third-party defendants shall conduct coordinated investigations and destructive testing, and shall use their best efforts to agree upon the dates they desire to conduct investigations or destructive testing of the subject property. Plaintiffs will provide access to common areas and make reasonable efforts in good faith to provide Defendants and third-party defendants with reasonable access to units for purposes of coordinated and joint inspection and testing. If the parties are unable to agree upon the dates they desire to conduct destructive testing or inspections of the subject property, the parties shall meet and confer in attempt to reach an agreement. If no agreement is reached, the parties shall request Discovery Master Hunter's assistance in setting deadlines for investigation and destructive testing of the Project. Responding Parties shall use their best efforts to conduct and complete destructive testing between a Monday and a Friday, and shall use their best efforts to provide Plaintiffs with at least thirty (30) business days notice in order to coordinate access to the Project. Counsel and experts for each party in the case may attend to observe. Prior to any additional deconstructive testing, if any, Plaintiffs shall provide reasonable advance written notice to the other parties.

13. **Status Conferences**. The Court may order status conferences as the Court deems appropriate. At such conferences, counsel shall be prepared to discuss and agree upon compliance with this Order, discovery schedules, site inspections, early settlement conferences, disclosure of experts, exchange of expert reports, depositions of experts, and depositions of other

8

witnesses. Parties who are not in compliance with all parts of this Order are subject to issue and monetary sanctions to be imposed by the Court.

14. **Plaintiffs' Preliminary Statement of Claims, Defects and Damages**. Plaintiffs have provided to Defendants copies of its experts' preliminary reports prepared to date and which are identified in **Exhibit "G"**, subject to the provisions of this Order and HRE Rule 408. Plaintiffs will provide to Defendants preliminary cost of repair estimates with regard to the Villas, Cottages and Colony within approximately 60 days of entry of this Order, and as to the common areas, upon receipt of same. Within one hundred-twenty (120) days of the filing of this Order, Plaintiffs shall serve upon counsel a "Preliminary Statement of Claims, Defects and Damages" alleged to exist at the Project ("Plaintiffs' Preliminary Statement of Claims"). Plaintiffs' Preliminary Statement of Claims shall include a list of alleged defects which are known to Plaintiffs as of the filing of this Order, which shall include a description of the alleged defects sufficient to inform the Defendants of the nature and locations of the defects and the identity of the affected unit or units and/or portions of the Project. Discovery Master Hunter shall determine if additional information is needed to adequately inform the Defendants of the nature and location of the defects, and if so, make appropriate discovery orders accordingly.

15. **Defense Response to Plaintiffs' Preliminary Statement of Claims**. To the extent possible, Defendants and third-party defendants shall issue a joint response to Plaintiffs' Preliminary Statement of Claims. The joint response shall mirror the Plaintiffs' Preliminary Statement of Claims in form. To the extent the Defendants and third-party defendants are unable to agree on any part of the response to Plaintiffs' Preliminary Statement of Claims, each Defendant and third-party defendant shall serve an individual Response to Plaintiffs' Preliminary Statement of Claims addressing the specific issue or claim upon which agreement could not be

9

reached. All responses to Plaintiffs' Preliminary Statement of Claims, joint and individual, shall be served no later than one hundred-twenty (120) days after service of Plaintiffs' Preliminary Statement of Claims or Plaintiffs' response to the joint request for supplemental answers to interrogatories or Supplemental Statement of Claims, if one was requested, or on a later date agreed to by all parties; Defendants reserve the right to request a reasonable amount of additional time to respond, which Plaintiffs shall not unreasonably refuse to grant; in the event of a disagreement, the parties agree to submit the issue to Discovery Master Hunter.

All expert reports relied upon in preparing the joint and/or individual response shall be attached to the response and served on all parties. All responses, including expert reports, shall be final and binding for purposes of mediation only. Defendants and third-party defendants shall be limited at the time of mediation to the defenses set forth therein. In the event of a failed mediation, all responses and expert reports will not be final or binding. However, all responses and expert reports may be used by any of the parties for other purposes permitted by Court rule or the Hawaii Rules of Civil Procedure. Specifically, all responses and expert reports can be used for any purpose connected with discovery or trial and can be commented on if its contents change before the deposition of the generator of the statement. This Order extends to amended or supplemental reports provided to the defense before expert discovery is open. Should it be determined that additional information is needed, the Court may order supplemental reports to be prepared.

16.    **Responsive Pre-Trial Statements.** Responsive Pre-Trial Statements shall be due no later than one hundred-twenty (120) days following the production of Plaintiffs' Preliminary Statement of Claims and its experts' preliminary reports.

10

17.  **Repairs by Plaintiffs**.  Plaintiffs shall provide thirty (30) calendar days prior written notice to all appearing counsel before performing any necessary repairs at the subject property, except that Plaintiffs may perform emergency repairs, so long as written notice is given to all parties within 5 business days after Plaintiffs' counsel is made aware of such repairs.  If such timely notice is not given, all evidence obtained by Plaintiffs, including any and all findings, analysis, and opinions of Plaintiffs and its consultants and experts, based on or derived from such repairs may be barred in the Court's discretion from use at trial.  Plaintiffs will make all best efforts to save any removed materials.  Defendants will have access to all such materials upon request. Regular maintenance necessary for the daily operation of the subject property is excluded from these notice provisions.

18.  **Disclosure of Experts**.  A statement disclosing the experts each party may call at trial shall be made pursuant to Rule 12 of the Rules of the Circuit Courts.

19.  **Settlement Discussions**.  Settlement conferences shall be held in accordance with the Rules of the Circuit Courts, Rule 12.1.

DATED:  Wailuku, Maui, Hawai'i,  5/16/13                              .

WILLIAM M. McKEON
KERI C. MEHLING
TYLER P. BERDING
Attorneys for Plaintiffs
The Association of Apartment Owners of
the Hawaii Kai Peninsula and Board of
Directors of the Association of Apartment
Owners of the Hawaii Kai Peninsula

[SIGNATURE PAGE FOLLOWS]

11

DATED: Honolulu, Hawaiʻi, _____ MAY 13 2013 _____.

_____
CID H. INOUYE
KRISTI L. ARAKAKI
Attorneys for Defendants
Peninsula Hawaii Kai, LLC, Hearthstone,
Inc. and Stanford Carr Development, LLC

APPROVED AND SO ORDERED: MAY 24 2013

_____
JUDGE OF THE ABOVE-ENTITLED COURT

The Association of Apartment Owners of The Hawaii Kai Peninsula and Board of Directors of the Association of Apartment Owners of The Hawaii Kai Peninsula, an unincorporated association, by its Board of Directors v. Peninsula Hawaii Kai, LLC, a Hawaii limited liability company; Civil No. 10-1-1751-08 (JHC); CASE MANAGEMENT ORDER RE PLEADINGS, DISCOVERY, PRE-TRIAL AND SETTLEMENT MATTERS

**EXHIBIT "A"**

## JOINDER IN CASE MANAGEMENT ORDER RE PLEADINGS, DISCOVERY, PRE-

## TRIAL AND SETTLEMENT MATTERS

The undersigned, representing _____, a party to the above-entitled case that had not appeared at the time the original Case Management Order Re Pleadings, Discovery, Pre-Trial And Settlement Matters ("Order") was filed or had otherwise not joined said Order, with the full consent of the above-named party, hereby agrees to the terms set forth in the Order as though the undersigned had been an original signatory to the same.


_____

Counsel for _____

Dated _____

13

**EXHIBIT "B"**

**AFFIRMATIVE DEFENSES**

The following separate, affirmative defenses, are alleged to the Complaint and to the Cross-Complaint and to each Cause of Action thereof:

1.     **NO CAUSE OF ACTION STATED**. The complaint and cross-complaint do not state facts sufficient to constitute a cause of action against this answering defendant.

2.     **COMPARATIVE NEGLIGENCE**. The Plaintiffs' or cross-complainant's own carelessness and negligence may have proximately contributed to the events and damages complained of, if any there were, and, if so, either bars or proportionately reduces any potential recovery to said plaintiffs or cross-complainant.

3.     **ASSUMPTION OF RISK**. The Plaintiffs may have assumed the risk, if any there was, in connection with the matters referred to in the pleading, and recovery is therefore barred or proportionately reduced to the extent of such assumption.

4.     **ALTERATION OF PRODUCT**. The Plaintiffs or cross-complainant or others may have altered the product involved, proximately causing the events and damages, if any there were, and recovery is therefore barred or proportionately reduced accordingly.

5.     **MISUSE OF PRODUCT**. The Plaintiffs or cross-complainant or others may have improperly used or improperly maintained the product involved herein, proximately causing the events and damages, if any there were, and recovery is therefore barred or proportionately reduced accordingly.

6.     **NO PRIVITY**. The Plaintiffs or cross-complainant is barred from recovery for breach of warranty because of lack of privity.

14

7.   **FAILURE TO MITIGATE DAMAGES**.  The Plaintiffs or cross-complainant has failed or neglected to use reasonable care for protection and to minimize the losses and damages, if any there were, and recovery is therefore barred or proportionately reduced accordingly.

8.   **ACTIVE AND PASSIVE CONDUCT**.  If it is determined that this answering defendant was negligent, said negligence was secondary and passive, as contrasted with the active and primary negligence of other parties to this lawsuit, and therefore, Plaintiffs or cross-complainant is not, as a matter of law, entitled to recovery from this answering defendant on any theory of indemnity.

9.   **APPORTIONMENT**.  If the matters and damages alleged in the complaint were proximately caused by the conduct of more than one party, any recovery must be apportioned as to the fault of each party.

10.   **SPOILATION OF EVIDENCE**.  The Plaintiffs or cross-complainant, either intentionally or negligently, has failed to preserve the primary evidence relevant to this litigation, thus failing to give this answering defendant an opportunity to inspect said evidence, thereby severely damaging and prejudicing a defense.  Plaintiffs or cross-complainant, therefore, should be barred from introducing secondary or lesser evidence, and any recovery should be diminished accordingly.

11.   **EQUITABLE INDEMNITY**.   The principals of comparative equitable indemnity should be applied by the Court where appropriate, despite the absence of cross-complaints specifically requesting same.

12.   **DOCTRINE OF UNCLEAN HANDS**.  The Plaintiffs and cross-complainant are barred by virtue of conduct causing the alleged damages, under the doctrine of unclean hands.

15

13.    **NO SPECIAL RELATIONSHIP.**   No relationship existed between Plaintiffs and cross-complainants and this answering defendant which would give rise to indemnity.

14.    **ACCORD AND SATISFACTION.**   Plaintiffs are barred from maintaining this action against Defendants by reason of accord and satisfaction of the claims upon which the action is based.

15.    **CONTRIBUTORY NEGLIGENCE.**   Plaintiffs are precluded from recovery by reason of their own negligence, which negligence was the sole cause of or greater than the negligence, if any, of Defendants.

16.    **ESTOPPEL.**   Plaintiffs' claims are barred by the doctrine of estoppel.

17.    **CONSIDERATION.**   Plaintiffs' claims are barred by the doctrine of failure of consideration.

18.    **LACHES.**   Plaintiffs' claims are barred by the doctrine of laches.

19.    **LICENSE.**   Defendants had license to take the actions upon which Plaintiffs' complaint is based.

20.    **PAYMENT OF CLAIMS.**   Plaintiffs are barred from maintaining this action against Defendants by reason of payment of the claims upon which the action is based.

21.    **RELEASE.**   Plaintiffs' claims are barred by the doctrine of release.

22.    **RES JUDICATA.**   Defendants intend to rely on the defense of res judicata.

23.    **STATUTE OF FRAUDS.**   Plaintiffs' claims are barred by the statute of frauds.

24.    **STATUE OF LIMITATIONS.**   Plaintiffs' claims are barred by the provisions of the applicable statute of limitations.

25.    **WAIVER.**   Plaintiffs' claims are barred by the doctrine of waiver.

26.    **ACT OF GOD.**   Defendants rely upon the defense of the Act of God.

16

27.    **INTERVENING OR SUPERSEDING CAUSESS.**  The damages sustained by Plaintiffs, if any, resulted from intervening or superseding causes.

28.    **INDISPENSABLE PARTIES.**  Plaintiffs' claims are barred by reason of their failure to join indispensable parties.

29.    **CONTRACTUAL REMEDIES.**  Plaintiffs' claims are barred as they failed to exhaust their contractual remedies and/or first to breach the contract.

30.    **CONTRACTOR REPAIR ACT.**  Plaintiffs' claims are barred as they have failed to comply with HRS Chapter 672E.

31.    **STANDING.**  Plaintiffs lack standing to bring these claims.

32.    **LEGAL AUTHORITY.**  Plaintiffs' claims are barred as they have exceeded their statutory or other legal authority.

33.    **HRCP RULE 17.**  Plaintiffs' claims are barred as they are in violation of HRCP Rule 17.

34.    **ARBITRATION.**  Plaintiffs' claims are barred as they should be arbitrated.

35.    **MITIGATION.**  Plaintiffs have failed to mitigate their damages.

## EXHIBIT C

### PROTOCOL GOVERNING DISCOVERY

The following procedures shall be followed on any request to Discovery Master and Mediator Hunter for an order of relief:

1.   Any request for an order or other relief shall be in writing to the Discovery Master and Mediator Hunter and must be shown as copied to all counsel.  If the request is by email, an original order also must be forwarded to the Discovery Master and Mediator Hunter for signature.

2.   In a written request for an order or other relief, a specific deadline, or at least five days after the date of service of the request, shall be established by which any other counsel may forward any objections or comments regarding the request to the Discovery Master and Mediator Hunter.  All objections or comments must be served on the Discovery Master and Mediator Hunter and all counsel at least two days before the date on which the Discovery Master and Mediator Hunter will rule on the request. The request and any objections or comments shall be served by email and overnight mail.

3.   Any objections shall be made to the originating counsel with a copy to all counsel and the Discovery Master and Mediator Hunter.  All objections or comments should be in writing and sent via fax and overnight mail.   Phone messages and voice mail messages left with the Discovery Master and Mediator Hunter  lead to confusion, mistakes and the possibility that the objection will not be noted or heard.

4.   All requests for orders or other relief made to the Discovery Master and Mediator Hunter  will be held for the specified time period to allow for any objections or

comments.  The Discovery Master and Mediator Hunter then will review each request and any objections thereto, and render a decision.  If an order is issued, it will be returned to the originating counsel for execution by the Judge, filing with the Court and service on all parties.

# EXHIBIT D

## MEDIATION RULES, PROCEDURES & PROTOCOL OF DISPUTE PREVENTION & RESOLUTION, INC.

in effect July 1, 1995 © 1998

**Table of Contents**

| | | |
|---|---|---|
| I. | AGREEMENT OF PARTIES TO SUBMIT MATTERS TO CONFIDENTIAL MEDIATION/CONCILIATION/FACILITATION | 19 |
| II. | INITIATION & COMMENCEMENT OF MEDIATION | 19 |
| III. | SELECTION & APPOINTMENT OF MEDIATOR | 19 |
| IV. | PROTOCOL AND CRITERIA FOR SERVICE OF DPR MEDIATOR | 19 |
| V. | NOTICE OF MEDIATION PROCEEDINGS | 20 |
| VI. | SUBMISSION OF DOCUMENTS AND OTHER MATERIALS | 20 |
| VII. | THE DUTIES AND OBLIGATIONS OF THE MEDIATOR | 20 |
| VIII. | PRIVACY AND CONFIDENTIALITY | 21 |
| IX. | RECORD OF THE MEDIATION PROCEEDING | 21 |
| X. | CLOSURE OF THE MEDIATION PROCEEDING | 21 |
| XI. | EXEMPTION FROM LIABILITY | 21 |
| XII. | FEES, EXPENSES, DEPOSITS & REFUNDS | 22 |

*I. Agreement of Parties to Submit Matters to Confidential Mediation/Conciliation/Facilitation*

In any matter in which the parties, by previous contractual agreement or by direct submission, have provided for mediation, neutral facilitation, conciliation or other third party settlement procedures pursuant to the Dispute Prevention & Resolution (DPR) Rules, Procedures and Protocols for Mediation, they shall be bound by these Mediation Rules, Procedures & Protocols. These Rules, Procedures & Protocols shall constitute a portion of the parties' overall agreement to participate in third party settlement procedures under the auspices of DPR.

*II. Initiation & Commencement of Mediation*

The parties to an existing dispute or controversy may initiate a mediation proceeding by:

(a) submitting a fully executed Submission to ADR form to DPR which includes the names, addresses, telephone numbers of all parties and counsel involved in the dispute or controversy and which describes the nature of the dispute and the remedy(s), relief sought; or (b) submitting a letter agreement or written stipulation to DPR which contains all of the above-referenced information. If no previous agreement to submit a matter to mediation exists, a party or parties may request that DPR invite the voluntary participation in a mediation/facilitation/conciliation proceeding of the other party(s). As a neutral ADR administrator, DPR will contact all relevant parties to educate them about the mediation process and seek their voluntary participation. DPR may also convene a meeting of the parties in order to provide a forum for the exploration of applicable procedures and the creation of an appropriate submission agreement.

*III. Selection & Appointment of Mediator*

Because selection and appointment of a qualified and objective neutral is vital to the effectiveness of any ADR proceeding, DPR provides parties with a variety of selection/appointment options: (a) parties may stipulate to the appointment of any member of DPR's Distinguished Panel of Neutrals, or (b) parties may consider all of the names on DPR's Distinguished Panel of Neutrals and select a neutral by way of the preference method (striking unacceptable names and rank ordering acceptable names) or the alternative strike-off procedure (alternately striking names until a single name remains), or (c) if the mediation agreement provides for the selection of a particular neutral or a specific selection methodology, that protocol shall be followed, or (d) the parties may stipulate that DPR appoint the neutral from among its Distinguished Panel of Neutrals.

*IV. Protocol and Criteria for Service of DPR Mediator*

Any person designated to serve as a neutral Mediator, Facilitator or Conciliator under these Rules, Procedures and Protocols shall do so in strict compliance with "Resolution Endorsing the Guidelines for Hawai'i Mediators" dated July 11, 2002. Any person designated to serve as a third party neutral under these procedures shall disclose in writing to DPR (and through DPR to the parties) any circumstances, relationships or conditions which could create the impression or presumption of partiality or bias. DPR shall immediately solicit the parties' comments on any written disclosure and, if the parties agree, replace the neutral and appoint another qualified

neutral. If the parties do not agree that a substitute neutral should be appointed, DPR shall review the matter and issue a binding determination. Any person appointed to serve as a third party neutral under these Rules, Procedures and Protocols who has a social or personal relationship with a party or counsel or any other interest in the proceeding may serve only with the written consent of all parties. If any third party neutral appointed pursuant to these Rules, Procedures and Protocols shall for any reason be unwilling or unable to fully carry out the responsibilities and duties of the office for which he/she was appointed, DPR shall declare the office vacant and proceed to appoint another neutral.

### V. Notice of Mediation Proceedings

The appointed neutral(s) shall establish the schedule for the initial and all subsequent mediation sessions. To the greatest extent possible, DPR will provide the parties and the neutral with written notice of all mediation proceedings. The parties may conduct the mediation in the offices of DPR (1003 Bishop Street, Pauahi Tower Suite 1155, Honolulu, Hawaii), the offices of the duly-appointed neutral, or at any other location which is agreeable to the parties. If the parties are unable to agree on a venue or location, DPR and the neutral will determine an appropriate venue and location.

### VI. Submission of Documents and Other Materials

The appointed neutral may request that each party submit a confidential pre-mediation statement or memorandum which sets forth (a) the legal and factual issues, (b) the claims and defenses, (c) the most recent settlement demands and offers, if any, (d) settlement positions, if any, and (e) the present status of any related proceeding(s). During the course of the mediation process, the Mediator may request that the parties provide additional information in order to insure that all of the issues and the interests and positions of the parties are clearly understood.

### VII. The Duties and Obligations of the Mediator

Mediators do not have the authority to issue decisions, enforce discovery, or impose conditions or settlement terms on the parties. The primary function of the Mediator is to help the parties reach a mutually acceptable resolution of their dispute. In order to accomplish this objective, Mediators may conduct joint sessions and private caucuses with some or all of the parties. Mediators may also make recommendations to the parties about possible settlement terms; however, the Mediator's recommendations are advisory in nature and are not binding upon the parties. Mediators have the authority to (a) establish the mediation schedule, (b) require a recess in the proceedings, (c) request the parties' permission and consent to obtain technical or procedural expertise as the case may warrant, (d) request that parties impose a "no communications" rule (e.g. a "gag order") on an ongoing mediation matter and (e) declare an impasse, if in the estimation of the Mediator, further mediation proceedings are not likely to lead to or enhance the likelihood that a resolution of the controversy can be reached.

### VIII. Privacy and Confidentiality

The process of mediation is by its nature a private proceeding. DPR and the neutral(s) appointed by DPR are obligated at all times to maintain the privacy of (a) the nature of and parties to a dispute, (b) the status of any ongoing ADR proceedings, and (c) the terms of settlement, if any, that were or may be reached in the mediation. Persons having a direct interest in the mediation proceeding may attend joint and private mediation sessions (only those private sessions that are specifically designated by the Mediator). Any other person or persons who wish to attend and/or participate in the mediation proceeding may do so only with the express permission of all of the other parties and with the authorization of the Mediator. Mediation proceedings are governed, in part, by Rule 408 of the Hawaii Evidence Code. This rule acknowledges the inadmissibility of compromises and offers of compromise in any subsequent administrative, arbitral or judicial forum. Any confidential information that is disclosed by the parties or their witnesses to the Mediator during the course of a mediation proceeding shall be held in confidence by the Mediator. Any and all records, reports, exhibits, memoranda or other documents which are submitted to the Mediator in confidence (for purposes of the mediation) shall be held in confidence by the Mediator. No Mediator serving under these Rules, Procedures, and Protocol shall be compelled to produce his or her notes of the proceeding or any other records or documents which were submitted to the Mediator during the course of the mediation proceeding. Mediators serving under these Rules, Procedures, and Protocols shall not be compelled to testify as to any matters or issues relating to the mediation and may not voluntarily agree to testify in any proceeding which arises from or relates to the mediation proceeding or the parties thereto.

### IX. Record of the Mediation Proceeding

Because the mediation process is private and confidential no record of the proceeding may be made by or on behalf of any participant (i.e. stenographic, tape recording, video recording, etc.).

### X. Closure of the Mediation Proceeding

The parties and/or the Mediator may close the mediation proceedings as follows: (a) the parties agree to the terms of and sign a binding and enforceable settlement agreement, or (b) the parties enter into and the appointed neutral signs a Stipulated Award of Arbitrator, or (c) the Mediator declares that an impasse exists, or (d) one or more of the parties withdraws from the mediation proceeding and the remaining parties elect not to proceed, or (e) one or more of the parties is stayed from proceeding in mediation by an order from an appropriate court, and the remaining parties elect not to proceed.

### XI. Exemption from Liability

Neither Dispute Prevention & Resolution, Inc. nor the DPR appointed neutral are necessary parties to any arbitral, judicial or administrative proceeding which arises from or relates to the mediation proceeding or the parties thereto. By agreeing to these Rules, Procedures and Protocols, the parties acknowledge that neither DPR nor the DPR appointed neutral is or shall be liable for any act or omission that occurs in relation to the administration and/or conduct of the mediation proceeding under these Rules, Procedures and Protocols.

## *XII. Fees, Expenses, Deposits & Refunds*

DPR and the DPR appointed neutral will charge a single negotiated hourly or daily fee on each case. In order to assure the highest degree of objectivity and independence, DPR will negotiate and administer all arrangements for compensation between the parties and the DPR Neutral. The DPR/neutral hourly or daily fee covers the compensation of the neutral as well as all other costs normally associated with the administration and conduct of an ADR proceeding (e.g. hearing room charges, case administration expenses, phone and fax charges, etc.) Outpocket-expenses incurred by the DPR neutral in the course of the mediation proceeding (e.g. transportation, lodging, meals, etc.) will be borne equally by the parties unless all parties agree to a different allocation. DPR/Neutral will assess the Hawaii General Excise Tax.

DPR will require each party to submit in advance of the proceeding a deposit for the anticipated DPR/neutral fees and expenses. All funds deposited with DPR are held in trust. DPR is responsible for issuing payment(s) to the neutral(s) and any refunds which may due to the parties at the conclusion of the case.    DPR and the appointed neutral reserve the right to suspend services at any time due to insufficient deposits or nonpayment.

Please contact DPR at (808) 523-1234 with any questions or to obtain additional information about our services.

## **Dispute Prevention & Resolution, Inc.**

**1003 Bishop Street, 1155 Pauahi Tower,**
**Honolulu, Hawaii 96813**
**Phone: (808) 523-1234 • Fax: (808) 599-9100 •**
**e-mail: keithhunter@dprhawaii.com**
**Website: www.dprhawaii.com**

## EXHIBIT "E"

## INSURANCE INTERROGATORIES

PROPOUNDING PARTY:    Plaintiffs

RESPONDING PARTY:    All Defendants

INTERROGATORY NO. 1:

For any policies of insurance which you maintained from the date of one year prior to your involvement in the Project through the present, identify the following:

(If more than one carrier, answer for each potential carrier and policy.)

(a)    Name of insurance carrier;

(b)    Type of coverage (e.g., OCIP, wrap, excess, primary, etc.);

(c)    Policy No.;

(d)    Policy Period;

(e)    Whether the policy provided broad form coverage (i.e., does the policy contain language providing coverage for the work of the named insured as well as work performed (by) or "in behalf of" the name insured by other subcontractors or parties?);

(f)    The limits of coverage for each type of coverage contained in the policy; whether policy limits are diminished by defense and costs, and the remaining aggregate limit of the policy;

(g)    The name, address and telephone number of each named insured who is a party to this litigation;

(h)    The name, address and telephone number of each additional insured; and

(i)    The name, address and telephone number of the insured's insurance broker(s) during the relevant time periods.

## INTERROGATORY NO. 2

For each policy identified in response to Interrogatory No. 1 above, please state whether the carrier is defending with a reservation of rights.

## INTERROGATORY NO. 3

For each policy identified in response to Interrogatory No. 1 above, please state whether coverage has been denied.

## INTERROGATORY NO. 4

Are you self-insured under any statutes for damages, claims or actions which have arisen out of the Project?

    (a)    If so, what is your self-insured retention?

## INTERROGATORY NO. 4

For each policy, is it an exhausting policy?

    (a)    If so, what are the remaining limits on the policy?

    (b)    How many separate claims are currently pending against the policy?

26

**EXHIBIT "F"**

**SCOPE OF WORK INTERROGATORIES**

1.      Name of party.

2.      Description of work performed pursuant to a written, oral or implied contract, change order or extra.

3.      Location of work performed (by phase number, etc.).

4.      Inclusive dates between which work was performed.

5.      Identity of person or entity with whom you contracted to perform the above-described work:

        a)      Name:

        b)      Address:

        c)      Phone:

6.      Identity of person who acted in the capacity of foreman or superintendent regarding the work and/or service you performed:

        a)      Name:

        b)      Address:

        c)      Phone:

7.      Did you subcontract any of the work that was to be performed by you to another person or entity?

8.      If you did subcontract work to another, identify the person or entity to whom you subcontracted:

        a)      Name:

        b)      Address:

c)      Phone:

9.      State what work or services were subcontracted.

10.     If you did subcontract any of your work to another, was the subcontract in writing?

11.     Please provide the name, address and telephone number of the person most knowledgeable regarding the work and/or services performed by YOU at the SUBJECT PROPERTY.

12.     Please provide the name, address and telephone number of the person most knowledgeable regarding the negotiations for and contracting for services YOU performed at the SUBJECT PROPERTY.

13.     Please provide the name, address and telephone number of the current owner, partner, managing agent, or employee who is most knowledgeable regarding the labor and/or services YOU performed at the SUBJECT PROPERTY.

14.     State the name, address and telephone number of each person on your behalf who performed any maintenance or repair work of any part of the SUBJECT PROPERTY following initial construction work on the property.

15.     For each person identified in response to Interrogatory No. 14, describe with particularity the complete nature, extent and scope of any repair performed at the SUBJECT PROPERTY including the location(s) of such repair.

16.     Are you a corporation? If so, state:

a)      The name stated in the current articles of incorporation;

b)      All other names used by the corporation during the past ten years and the dates each was used;

28

    c)      The date and place of incorporation;

    d)      Whether you are presently a corporation in good standing;

    e)      The address of the principal place of business.

17.    Whether you are qualified to do business in Hawaii.

18.    The names of all subsidiaries.

19.    The names of all parent companies.

20.    Are you a partnership?  If so, state:

    a)      The current partnership name;

    b)      All other names used by the partnership during the past ten years and the dates each was used;

    c)      Whether you are a limited partnership, and if so, under the laws of what jurisdiction;

    d)      The name and address of each general and limited partner;

    e)      The address of the principal place of business.

21.    Are you a joint venture?  If so, state:

    a)      The current joint venture name;

    b)      All other names used by the joint venture during the past ten years and the dates each was used;

    c)      The name and address of each joint venture and the address of the principal place of business.

22.    Have your or any principal of your business done business under a fictitious name during the past ten years?  If so, for each fictitious name, state:

    a)      The name;

    b)       The dates each was used;

    c)       The state and county of each fictitious name filing;

    d)       The address of the principal place of business.

23.     Within the past five years, has any public entity in Hawaii registered or licensed your business or the principal of your business?  If so, for each license or registration:

    a)       Identify the license or registration;

    b)       State the name of the public entity;

    c)       State the date of issuance and expiration;

    d)       State the inclusive dates within which your license was suspended or revoked for any reason.

## EXHIBIT "G"

1.   Neumann Sloat Blanco-Colony Report dated 1/10/11, Revised 1/20/12, Updated 3/20/12 and Revised 1/15/13;
2.   Neumann Sloat Blanco-Cottages Report dated 1/10/11, Revised 1/12/12, Updated 3/20/12 and Revised 1/15/13;
3.   Neumann Sloat Blanco- Villas Report dated 1/10/11, Revised 1/12/12, Updated 3/20/12 and Revised 1/15/13;
4.   Neumann Sloat Blanco- Common Elements Report dated 1/24/12.
5.   Liberty Building Forensics Group –Villas Supplemental Report 1/18/13
6.   Liberty Building Forensics Group –Cottages Supplemental Report 1/18/13
7.   Liberty Building Forensics Group-Colony Supplemental Report 1/18/13
8.   Chock Wind Load Report 5/20/12
9.   Weidig Geotechnical Report Villas 3/28/12
10.  Weidig Geotechnical Report Cottages 3/26/12
11.  Weidig Geotechnical Report Seawall 4/6/12
12.  Weidig Geotechnical Report on the Massey Residence Garage Unit 346A dated 11/14/12

ORIGINAL

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2013 JUN -7 PM 4: 16

N. ANAYA
CLERK

McKEON IMLAY MEHLING
A Limited Liability Law Company

WILLIAM M. MCKEON      3726-0
KERI MEHLING           8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone:  (808) 242-6644
Facsimile:  (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
2175 N. California Blvd., Suite 500
Walnut Creek, CA 94596
Telephone:  (925)838-2090
Facsimile   (925)820-5592

Attorneys for Plaintiffs

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors, | ) CIVIL NO.: 10-1-1751-08 (PWB) <br> ) (Contract; Construction Defect; Other) <br> ) <br> ) CERTIFICATE OF SERVICE <br> ) [*Re:  Case Management Order re Pleadings, Discovery, Pre-Trial And Settlement Matters; Exhibits "A" – "G"*] |
| Plaintiffs, | ) |
| vs. | ) |
| PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250, | ) |
| Defendants. | ) |

F:\Accts A-K\AOAO Hawaii Kai Peninsula\Pleadings\Full Caption COS.doc

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

RECEIVED
LDB (NIA)      JUN - 7 2013

CERTIFICATE OF SERVICE
[*Re: Case Management Order re Pleadings, Discovery,
Pre-Trial And Settlement Matters; Exhibits "A" – "G"*]

I hereby certify that on June 6, 2013, a file-marked copy of the Case Management Order

re Pleadings, Discovery, Pre-Trial And Settlement Matters; Exhibits "A" – "G", filed on May 24,

2013, was duly served upon the following party and/or counsel via U.S. Mail addressed as

follows:

CID H. INOUYE
KRISTI L. ARAKAKI
O'Connor Playdon & Guben
Pacific Guardian Center
Makai Tower
737 Bishop Street, Fl. 24
Honolulu, HI 96813

Attorneys for Defendants
Peninsula Hawaii Kai, LLC, Hearthstone, Inc. and
Stanford Carr Development, LLC

DATED:  Wailuku, Maui, Hawai'i, June 6, 2013.

WILLIAM M. McKEON
KERI C. MEHLING
Attorneys for Plaintiffs

O'CONNOR PLAYDON & GUBEN LLP
A Limited Liability Law Partnership

CID H. INOUYE                    4243-0
KRISTI L. ARAKAKI                4535-0
H. MAXWELL KOPPER                9601-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawaii  96813
Telephone:  (808) 524-8350

Attorneys for Defendants
PENINSULA HAWAII KAI, LLC;
HEARTHSTONE, INC.; and
STANFORD CARR DEVELOPMENT, LLC

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2013 JUN 25   AM 11: 01

F. OTAKE
CLERK

WMK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors,<br><br>        Plaintiffs,<br><br>    vs.<br><br>PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company and DOES 1-250,<br><br>        Defendants. | CIVIL NO. 10-1-1751-08 (JHC)<br>(Contract; Construction Defect; Other)<br><br>CERTIFICATE OF SERVICE<br><br>*Re: DEFENDANTS PENINSULA HAWAII KAI, LLC AND STANFORD CARR DEVELOPMENT, LLC'S RESPONSES TO INSURANCE INTERROGATORIES SET FORTH IN THAT CERTAIN CASE MANAGEMENT ORDER RE PLEADINGS, DISCOVERY, PRE-TRIAL AND SETTLEMENT MATTERS, FILED MAY 24, 2013* |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

_____
Clerk, Circuit Court, First Circuit

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *DEFENDANTS PENINSULA HAWAII KAI, LLC AND STANFORD CARR DEVELOPMENT, LLC'S RESPONSES TO INSURANCE INTERROGATORIES SET FORTH IN THAT CERTAIN CASE MANAGEMENT ORDER RE PLEADINGS, DISCOVERY, PRE-TRIAL AND SETTLEMENT MATTERS, FILED MAY 24, 2013* was duly served on the following parties on the date shown below by depositing same in the United States mail, postage prepaid, addressed as follows:

> WILLIAM M. McKEON, ESQ.
> KERI MEHLING, ESQ.
> McKeon Imlay Mehling, LLLC
> 2145 Kaohu Street, Suite 203
> Wailuku, Hawaii 96793
>   *Attorneys for Plaintiffs*

DATED:  Honolulu, Hawaii, June 24, 2013.

_____
CID H. INOUYE
KRISTI L. ARAKAKI
H. MAXWELL KOPPER
*Attorneys for Defendants*
*PENINSULA HAWAII KAI, LLC,*
*HEARTHSTONE, INC., and*
*STANFORD CARR DEVELOPMENT, LLC.*

ORIGINAL                                                               IST

McKEON IMLAY MEHLING
A Limited Liability Law Company

WILLIAM M. MCKEON        3726-0
KERI MEHLING             8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone:  (808) 242-6644
Facsimile:  (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
3240 Stone Valley Road West
Alamo, CA 94507-1558
Telephone:  (925)838-2090
Facsimile   (925)820-5592

Attorneys for Plaintiffs
The Association of Apartment Owners
Of The Hawaii Kai Peninsula and Board
Of Directors of the Association of Apartment
Owners of The Hawaii Kai Peninsula

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2013 AUG 29  PM 2: 54

E. STAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors, | CIVIL NO.: 10-1-1751-08 (PWB) JHC (Contract; Construction Defect; Other) STIPULATION CERTIFYING DOE DEFENDANTS; ORDER |
| Plaintiffs, | |
| vs. | |
| PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250, | NO TRIAL DATE SET |

2013 AUG 23  PM 2: 53

ist JUDICIAL CIRCUIT
STATE OF HAWAII
5TH DIVISION

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

PLEASE NOTE CHANGES

Defendants.                              )
_____        )
C:\Users\sundra\AppData\Local\Temp\MetaSave\130813 Stip Certifying DOE
Defendants.docx

## STIPULATION CERTIFYING DOE DEFENDANTS

Plaintiffs The Association of Apartment Owners of the Hawaii Kai Peninsula and

Board of Directors of the Association of Apartment Owners of The Hawaii Kai

Peninsula, by its Board of Directors (collectively "Plaintiffs"), and Defendants Peninsula

Hawaii Kai, LLC, Hearthstone, Inc., and Stanford Carr Development, LLC (collectively

"Defendants"), through their respective counsel, hereby stipulate pursuant to Rule 17(d),

Hawai'i Rules of Civil Procedure, as follows:

1.      Hawaiian Dredging Construction Company, Inc., a Hawaii corporation, is

hereby identified and certified as Defendant DOE 26 in the First Amended Complaint For

Damages, filed herein on April 11, 2011 ("FAC"); and

2.      Robert M. Kaya Builders, Inc., a Hawaii corporation, is hereby indentified

and certified as Defendant DOE 27 in the FAC.

DATED: ~~Wailuku, Maui~~, Hawai'i
        Honolulu

WILLIAM M. McKEON
KERI C. MEHLING
TYLER P. BERDING
Attorneys for Plaintiff
The Association of Apartment Owners of
the Hawaii Kai Peninsula and Board of
Directors of the Association of Apartment
Owners of the Hawaii Kai Peninsula

[SIGNATURE PAGE CONTINUES]

2

PLEASE NOTE CHANGES

DATED:  Honolulu, Hawai'i, _____AUG 15 2013_____.

CID H. INOUYE
KRISTI L. ARAKAKI
Attorneys for Defendants
Peninsula Hawaii Kai, LLC, Hearthstone,
Inc. and Stanford Carr Development, LLC

APPROVED AND SO ORDERED:

AUG 2 8 2013

JUDGE OF THE ABOVE-ENTITLED COURT

The Association of Apartment Owners of The Hawaii Kai Peninsula and Board of Directors of the Association of Apartment Owners of The Hawaii Kai Peninsula, an unincorporated association, by its Board of Directors v. Peninsula Hawaii Kai, LLC, a Hawaii limited liability company; Civil No. 10-1-1751-08 (PWB); STIPULATION CERTIFYING DOE DEFENDANTS; ORDER

3

# ORIGINAL

McKEON IMLAY MEHLING
A Limited Liability Law Company

WILLIAM M. McKEON      3726-0
KERI MEHLING            8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone: (808) 242-6644
Facsimile: (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
2175 N. California Blvd., Suite 500
Walnut Creek, CA 94596
Telephone: (925)838-2090
Facsimile   (925)820-5592

Attorneys for Plaintiffs

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2013 SEP 16  AM 11: 38

F. OTAKE
CLERK

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors,<br><br>Plaintiffs,<br><br>vs.<br><br>PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250,<br><br>Defendants. | CIVIL NO.: 10-1-1751-08 (PWB)<br>(Contract; Construction Defect; Other)<br><br>CERTIFICATE OF SERVICE<br>[Re: *Stipulation Certifying DOE Defendants; Order, filed on August 29, 2013*] |

F:\Accts-A-K\AOAO Hawaii Kai Peninsula\Pleadings\Full Caption COS.doc

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

RECEIVED
LDB   SEP 0 9 2013

CERTIFICATE OF SERVICE
*[Re:  Stipulation Certifying DOE Defendants; Order, filed on August 29, 2013]*

I hereby certify that on September 5, 2013, a file-marked copy of the Stipulation

Certifying DOE Defendants; Order, filed on August 29, 2013, was duly served upon the

following party and/or counsel via U.S. Mail addressed as follows:

> CID H. INOUYE
> KRISTI L. ARAKAKI
> O'Connor Playdon & Guben
> Pacific Guardian Center
> Makai Tower
> 737 Bishop Street, Fl. 24
> Honolulu, HI 96813
>
> Attorneys for Defendants
> Peninsula Hawaii Kai, LLC, Hearthstone, Inc. and
> Stanford Carr Development, LLC

DATED:  Wailuku, Maui, Hawai'i, September 5, 2013.

_____
WILLIAM M. McKEON
KERI C. MEHLING
Attorneys for Plaintiffs
THE ASSOCIATION OF APARTMENT
OWNERS OF THE HAWAII KAI
PENINSULA and BOARD OF
DIRECTORS OF THE ASSOCIATION OF
APARTMENT OWNERS OF THE
HAWAII KAI PENINSULA, an
unincorporated association, by its Board of
Directors

ORIGINAL

McKEON IMLAY MEHLING
A Limited Liability Law Company

WILLIAM M. MCKEON        3726-0
KERI MEHLING               8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone:  (808) 242-6644
Facsimile:  (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
2175 N. California Blvd., Suite 500
Walnut Creek, CA 94596
Telephone:  (925)838-2090
Facsimile    (925)820-5592

Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors,<br><br>Plaintiffs,<br><br>vs.<br><br>PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250,<br><br>Defendants. | CIVIL NO.: 10-1-1751-08 (PWB)<br>(Contract; Construction Defect; Other)<br><br>DOE DEFENDANT ROBERT M. KAYA BUILDERS, INC.'S CONSENT AND ACCEPTANCE OF SERVICE OF (1) PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; SUMMONS (filed on April 11, 2011); AND (2) PLAINTIFFS' CASE MANAGEMENT ORDER RE PLEADINGS, DISCOVERY, PRE-TRIAL AND SETTLEMENT MATTERS; EXHIBITS "A" – "G" (filed May 24, 2013) |

S:\AcctsA-K\Hawaii Kai Peninsula\Pleadings\130820 Acceptance of Service re Kaya Builders.doc

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

DOE DEFENDANT ROBERT M. KAYA BUILDERS, INC.'S CONSENT AND
ACCEPTANCE OF SERVICE OF (1) PLAINTIFFS' FIRST AMENDED COMPLAINT FOR
DAMAGES; DEMAND FOR JURY TRIAL; SUMMONS (filed on April 11, 2011); AND
(2) PLAINTIFFS' CASE MANAGEMENT ORDER RE PLEADINGS, DISCOVERY, PRE-
TRIAL AND SETTLEMENT MATTERS; EXHIBITS "A" – "G" (filed on May 24, 2013)

DOE Defendant Robert M. Kaya Builders, Inc. ("Kaya Builders"), through its counsel

Cid H. Inouye, hereby consents and accepts service of (1) Plaintiff' First Amended Complaint

For Damages; Demand For Jury Trial; Summons (filed on April 11, 2011) ("FAC"); and (2)

Plaintiffs' Case Management Order Re Pleadings, Discovery, Pre-Trial And Settlement Matters;

Exhibits "A" – "G" (filed on May 24, 2013).

The acceptance of service of the above shall constitute a waiver on behalf of Kaya

Builders of personal service in the matter required by Rule 4 of the Hawaii Rules of Civil

Procedure.

Dated:  Honolulu, Hawai'i, _____**SEP 2 5 2013**_____, 2013.

_____

CID H. INOUYE
KRISTI L. ARAKAKI
Appearing Attorneys for Defendant
Hawaiian Dredging Construction
Company, Inc.

The Association of Apartment Owners of The Hawaii Kai Peninsula, etc. v. Peninsula Hawaii
Kai, LLC, et al.; Civil No. 10-1-1751-08 (PWB); DOE DEFENDANT ROBERT M. KAYA
BUILDERS, INC.'S CONSENT AND ACCEPTANCE OF SERVICE OF (1) PLAINTIFFS'
FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL;
SUMMONS (filed on April 11, 2011); AND (2) PLAINTIFFS' CASE MANAGEMENT
ORDER RE PLEADINGS, DISCOVERY, PRE-TRIAL AND SETTLEMENT MATTERS;
EXHIBITS "A" – "G" (filed May 24, 2013)

DLG

# MCKEON IMLAY MEHLING

**A Limited Liability Law Company**

2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
p. 808.242.6644 | f. 808.244.9775
www.mimhawaii.com

## TRANSMITTAL

| VIA: | ☐ Certified Mail | ☐ Hand Delivery | X US Mail | ☐ Other |
|------|------------------|-----------------|-----------|---------|
|      | ☐ Courier        | ☐ DHL           | ☐ Fed Express | ☐ Pickup |

| TO: | Documents Clerk<br>Circuit Court of the First Circuit<br>Kaahumanu Hale<br>777 Punchbowl Street<br>Honolulu, HI 96813 |
|-----|---|

*(stamp: 2013 OCT -3 AM 7:49  J. KUBO CLERK)*

| FROM: | Sundra Allen-Nemoto, Legal Assistant |
|-------|---|

| DATE: | October 1, 2013 |
|-------|---|

| SUBJECT: | <u>The Association of Apartment Owners of Hawaii Kai Peninsula v. Peninsula Hawaii Kai, LLC, et al.;</u> Civil No. 10-1-1751-08 (PWB) |
|----------|---|

| NO. PAGES: | 21 (including transmittal) |
|------------|---|

| ORIGINAL | DATE | DESCRIPTION |
|----------|------|-------------|
| Original + 4 | 9/25/13 | Doe Defendant Hawaiian Dredging Construction Company, Inc.'s Consent And Acceptance Of Service Of (1) Plaintiffs' First Amended Complaint For Damages; Demand For Jury Trial; Summons (filed on April 11, 2011); and (2) Plaintiffs' Case Management Order Re Pleadings, Discovery, Pre-Trial And Settlement Matters; Exhibits "A" – "G" (filed May 24, 2013) |
| Original + 4 | 9/25/13 | Doe Defendant Robert M. Kaya Builders, Inc.'s Consent And Acceptance Of Service Of (1) Plaintiffs' First Amended Complaint For Damages; Demand For Jury Trial; Summons (filed on April 11, 2011); and (2) Plaintiffs' Case Management Order Re Pleadings, Discovery, Pre-Trial And Settlement Matters; Exhibits "A" – "G" (filed May 24, 2013) |

*I do hereby certify that this is a full, true, and correct copy of the original on file in this office.*

*Clerk, Circuit Court, First Circuit*

| ☐ For your information and files | ☐ For your review or comment | X For filing/recordation |
|---|---|---|
| ☐ Per your request | ☐ For signature and return (Sign in black in please) | X Return filed marked/recorded copies |
| ☐ Per our conversation | ☐ Furnish us with copies | |

October 1, 2013
Page 2

**COMMENTS/REMARKS:  Please file the enclosed documents and return the extra file-marked copies to me by using the enclosed self-addressed, stamped envelope.  Thank you!**

The information in the accompanying documents(s) is legally privileged, and is intended solely and exclusively for the personal and confidential use of the Addressee named above.  If you receive this transmittal in error, any review, dissemination, distribution, copying or disclosure of the accompanying document(s) is strictly prohibited.  If you have received this communication in error, please notify the sender of this transmittal by telephone and destroy the document(s). If you have any questions, please contact our office.

ORIGINAL

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2019 OCT -3 AM 7:50

J. KUBO
CLERK

McKEON IMLAY MEHLING
A Limited Liability Law Company

WILLIAM M. MCKEON      3726-0
KERI MEHLING      8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone:  (808) 242-6644
Facsimile:  (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
2175 N. California Blvd., Suite 500
Walnut Creek, CA 94596
Telephone:  (925)838-2090
Facsimile     (925)820-5592

Attorneys for Plaintiffs

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors, <br><br> Plaintiffs, <br><br> vs. <br><br> PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250, <br><br> Defendants. | ) CIVIL NO.: 10-1-1751-08 (PWB) <br> ) (Contract; Construction Defect; Other) <br> ) <br> ) <br> ) DOE DEFENDANT HAWAIIAN <br> ) DREDGING CONSTRUCTION COMPANY, <br> ) INC.'S CONSENT AND ACCEPTANCE OF <br> ) SERVICE OF (1) PLAINTIFFS' FIRST <br> ) AMENDED COMPLAINT FOR DAMAGES; <br> ) DEMAND FOR JURY TRIAL; SUMMONS <br> ) (filed on April 11, 2011); AND (2) <br> ) PLAINTIFFS' CASE MANAGEMENT <br> ) ORDER RE PLEADINGS, DISCOVERY, <br> ) PRE-TRIAL AND SETTLEMENT <br> ) MATTERS; EXHIBITS "A" – "G" (filed May <br> ) 24, 2013) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

DOE DEFENDANT HAWAIIAN DREDGING CONSTRUCTION COMPANY, INC.'S CONSENT AND ACCEPTANCE OF SERVICE OF (1) PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; SUMMONS (filed on April 11, 2011); AND (2) PLAINTIFFS' CASE MANAGEMENT ORDER RE PLEADINGS, DISCOVERY, PRE-TRIAL AND SETTLEMENT MATTERS; EXHIBITS "A" – "G" (filed on May 24, 2013)

DOE Defendant Hawaiian Dredging Construction Company, Inc. ("HDCC"), through its counsel Cid H. Inouye, hereby consents and accepts service of (1) Plaintiff' First Amended Complaint For Damages; Demand For Jury Trial; Summons (filed on April 11, 2011) ("FAC"); and (2) Plaintiffs' Case Management Order Re Pleadings, Discovery, Pre-Trial And Settlement Matters; Exhibits "A" – "G" (filed on May 24, 2013).

The acceptance of service of the above shall constitute a waiver on behalf of HDCC of personal service in the matter required by Rule 4 of the Hawaii Rules of Civil Procedure.

Dated:  Honolulu, Hawai'i, _____**SEP 25 2013**_____, 2013.

_____
CID H. INOUYE
KRISTI L. ARAKAKI
Appearing Attorneys for Defendant
Hawaiian Dredging Construction
Company, Inc.

The Association of Apartment Owners of The Hawaii Kai Peninsula, etc. v. Peninsula Hawaii Kai, LLC, et al.; Civil No. 10-1-1751-08 (PWB); DOE DEFENDANT HAWAIIAN DREDGING CONSTRUCTION COMPANY, INC.'S CONSENT AND ACCEPTANCE OF SERVICE OF (1) PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; SUMMONS (filed on April 11, 2011); AND (2) PLAINTIFFS' CASE MANAGEMENT ORDER RE PLEADINGS, DISCOVERY, PRE-TRIAL AND SETTLEMENT MATTERS; EXHIBITS "A" – "G" (filed May 24, 2013)

**O'CONNOR PLAYDON & GUBEN LLP**
A Limited Liability Law Partnership

**ORIGINAL**

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2013 NOV 15 PM 2: 17

J. KUBO
CLERK

CID H. INOUYE            4243-0
KRISTI L. ARAKAKI        8683-0
H. MAXWELL KOPPER        9601-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Phone: (808) 524-8350
Fax: (808) 531-8628

Attorneys for Defendants

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors, | CIVIL NO. 10-1-1751-08 (JHC) (Contract; Construction Defect; Other) |
| Plaintiffs, | DOE DEFENDANT ROBERT M. KAYA BUILDERS, INC.'S NOTICE OF APPEARANCE IN LIEU OF ANSWER; CERTIFICATE OF SERVICE |
| vs. | |
| PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company, and DOES 1-250, | No Trial Date Set |
| Defendants. | |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

_____
Clerk, Circuit Court, First Circuit

269737v1/11-86/HMK

## DOE DEFENDANT ROBERT M. KAYA BUILDERS, INC.'S
## NOTICE OF APPEARANCE IN LIEU OF ANSWER

TO:     WILLIAM M. McKEON, ESQ.
             KERI MEHLING, ESQ.
             2145 Kaohu Street, Suite 203
             Wailuku, Hawaii  96793

             TYLER P. BERDING, ESQ.
             Berding & Weil LLP
             2175 N. California Blvd., #500
             Walnut Creek, CA  94596

             *Attorneys for Plaintiffs*

PLEASE TAKE NOTICE that Doe Defendant ROBERT M. KAYA BUILDERS, INC. is represented in the above-captioned matter by the firm of O'Connor Playdon & Guben LLP.  This Stipulation in Lieu of Answer is submitted pursuant to the Case Manage[ ] Order filed with this Honorable Court on May 24, 2013.

It is respectfully requested that copies of all matters filed henceforth with the Court herein be served upon said counsel.  In accordance with the Case Management Order, the address and contact information of counsel for Robert M. Kaya Builders, Inc. is included below:

                CID H. INOUYE, ESQ.
                KRISTI L. ARAKAKI, ESQ.
                H. MAXWELL KOPPER, ESQ.
                O'Connor Playdon & Guben LLP
                Pacific Guardian Center, Makai Tower
                733 Bishop Street, Suite 2400
                Honolulu, Hawaii  96813
                Phone:  (808) 524-8350
                Fax:  (808) 531-8628

DATED:  Honolulu, Hawaii, November 15, 2013.

_____

CID H. INOUYE
KRISTI L. ARAKAKI
H. MAXWELL KOPPER
*Attorneys for Defendants*

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors, | CIVIL NO. 10-1-1751-08 (JHC) (Contract; Construction Defect; Other) CERTIFICATE OF SERVICE |
| Plaintiffs, | |
| vs. | |
| PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company, and DOES 1-250, | |
| Defendants. | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served on the following parties on the date shown below by depositing same in the United States mail, postage prepaid, addressed as follows:

WILLIAM M. McKEON, ESQ.
KERI C. MEHLING, ESQ.
McKeon Imlay Mehling
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
*Attorneys for Plaintiffs*

236963v1/11-86/KAREN

TYLER P. BERDING, ESQ.
Berding & Weil LLP
2175 N. California Blvd., #500
Walnut Creek, CA  94596
   *Attorneys for Plaintiffs*


DATED:  Honolulu, Hawaii, November 15, 2013.

_____

CID H. INOUYE
KRISTI L. ARAKAKI
H. MAXWELL KOPPER
*Attorneys for Defendants*
*PENINSULA HAWAII KAI, LLC; HEARTHSTONE,*
*INC.; and STANFORD CARR DEVELOPMENT, LLC*

**O'CONNOR PLAYDON & GUBEN LLP**
A Limited Liability Law Partnership

**ORIGINAL**

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2013 NOV 15 PM 2: 17

J. KUBO
CLERK

CID H. INOUYE          4243-0
KRISTI L. ARAKAKI      8683-0
H. MAXWELL KOPPER       9601-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawaii  96813
Phone: (808) 524-8350
Fax: (808) 531-8628

Attorneys for Defendants

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors,<br><br>          Plaintiffs,<br><br>     vs.<br><br>PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company, and DOES 1-250,<br><br>          Defendants. | CIVIL NO. 10-1-1751-08 (JHC)<br>(Contract; Construction Defect; Other)<br><br><br>DOE DEFENDANT HAWAIIAN DREDGING CONSTRUCTION COMPANY, INC.'S NOTICE OF APPEARANCE IN LIEU OF ANSWER; CERTIFICATE OF SERVICE<br><br><br><br>No Trial Date Set |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

_____
Clerk, Circuit Court, First Circuit

## DOE DEFENDANT HAWAIIAN DREDGING CONSTRUCTION COMPANY, INC.'S NOTICE OF APPEARANCE IN LIEU OF ANSWER

TO: WILLIAM M. McKEON, ESQ.
   KERI MEHLING, ESQ.
   2145 Kaohu Street, Suite 203
   Wailuku, Hawaii  96793

   TYLER P. BERDING, ESQ.
   Berding & Weil LLP
   2175 N. California Blvd., #500
   Walnut Creek, CA  94596

   *Attorneys for Plaintiffs*

   PLEASE  TAKE  NOTICE  that  Doe  Defendant  HAWAIIAN  DREDGING CONSTRUCTION COMPANY, INC. is represented in the above-captioned matter by the firm of O'Connor, Playdon & Guben LLP.  This Stipulation in Lieu of Answer is submitted pursuant to the Case Management Order, filed with this Honorable Court on May 24, 2013.

   It is respectfully requested that copies of all matters filed henceforth with the Court herein be served upon said counsel.  In accordance with the Case Management Order, the address and contact information of counsel for Hawaiian Dredging Construction Company, Inc. is included below:

     CID H. INOUYE, ESQ.
     KRISTI L. ARAKAKI, ESQ.
     H. MAXWELL KOPPER, ESQ.
     O'Connor Playdon & Guben LLP
     Pacific Guardian Center, Makai Tower
     733 Bishop Street, Suite 2400
     Honolulu, Hawaii  96813
     Phone:  (808) 524-8350
     Fax:  (808) 531-8628

DATED:  Honolulu, Hawaii, November 15, 2013.

_____

CID H. INOUYE
KRISTI L. ARAKAKI
H. MAXWELL KOPPER
*Attorneys for Defendants*

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors, | CIVIL NO. 10-1-1751-08 (JHC) (Contract; Construction Defect; Other) |
| | |
| Plaintiffs, | CERTIFICATE OF SERVICE |
| vs. | |
| PENINSULA HAWAII KAI, LLC, a Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT, LLC, a Hawaii limited liability company, and DOES 1-250, | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly served on the following parties on the date shown below by depositing same in the United States mail, postage prepaid, addressed as follows:

WILLIAM M. McKEON, ESQ.
KERI C. MEHLING, ESQ.
McKeon Imlay Mehling
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
    *Attorneys for Plaintiffs*

TYLER P. BERDING, ESQ.
Berding & Weil LLP
2175 N. California Blvd., #500
Walnut Creek, CA  94596
    *Attorneys for Plaintiffs*


DATED:  Honolulu, Hawaii, November 15, 2013.

_____

CID H. INOUYE
KRISTI L. ARAKAKI
H. MAXWELL KOPPER
*Attorneys for Defendants*
*PENINSULA HAWAII KAI, LLC; HEARTHSTONE,*
*INC.; and STANFORD CARR DEVELOPMENT, LLC*

ORIGINAL

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2013 DEC 20  PM 1:25

A. MARPLE
CLERK

WMK

McKEON IMLAY MEHLING
A Limited Liability Law Company

WILLIAM M. MCKEON      3726-0
KERI MEHLING            8423-0
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
Telephone:  (808) 242-6644
Facsimile:  (808) 244-9775

TYLER P. BERDING
Berding & Weil LLP
2175 N. California Blvd., Ste. 500
Walnut Creek, CA  94596
Telephone:  (925)838-2090
Facsimile   (925)820-5592

Attorneys for Plaintiffs
The Association of Apartment Owners
Of The Hawaii Kai Peninsula and Board
Of Directors of the Association of Apartment
Owners of The Hawaii Kai Peninsula

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors, | ) CIVIL NO.: 10-1-1751-08 (PWB) <br> ) (Contract; Construction Defect; Other) <br> ) <br> ) PROOF OF PAYMENT OF THE HAWAII <br> ) STATE BAR ASSOCIATION 2014 <br> ) RENEWAL FEE FOR TYLER P. BERDING <br> ) ADMITTED *PRO HAC VICE*; EXHIBIT "A"; <br> ) CERTIFICATE OF SERVICE |
| Plaintiffs, | ) <br> ) |
| vs. | ) <br> ) <br> ) |
| PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250, | ) <br> ) <br> ) <br> ) Trial Date:  None <br> ) <br> ) |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

Defendants. )
)

S:\AcctsA-K\Hawaii Kai Peninsula\Pleadings\Pro Hac Vice\121219 Proof of Payment for 2014 (TB).doc

### PROOF OF PAYMENT OF THE HAWAII STATE BAR ASSOCIATION 2014 RENEWAL FEE FOR TYLER P. BERDING ADMITTED *PRO HAC VICE*

Plaintiffs The Association of Apartment Owners of The Hawaii Kai Peninsula and Board of Directors of The Association of Apartment Owners of The Hawaii Kai Peninsula, an unincorporated association, by its Board of Directors, by and through its counsel, McKeon Imlay Mehling, A Limited Liability Law Company and Berding & Weil, LLP, hereby submits proof of payment of the Hawaii State Bar Association ("HSBA") 2014 renewal fee for Tyler P. Berding of Berding & Weil, LLP (JD 60706), admitted to practice as counsel *pro hac vice* in this matter.

On December 18, 2013, Mr. Berding paid his 2014 HSBA renewal fee electronically. Attached hereto as Exhibit "A" is a true and correct copy of the HSBA's electronic payment receipt for Mr. Berding's 2014 license renewal payment.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: Wailuku, Maui, Hawai'i, December 19, 2013.

WILLIAM M. McKEON
KERI C. MEHLING
TYLER P. BERDING
Attorneys for Plaintiffs

2

**Tyler Berding**

**Thank you for your cooperation during the 2014 license renewal period. The summary provided is a PAYMENT RECEIPT of all items and amounts paid to the HSBA, the Disciplinary Board and other entities consistent with the licensing forms submitted.**

**To ensure compliance, print a copy of your submitted registration form and verify accuracy and completion. If REQUIRED information is not provided, you may be subject to a late fee assessment.**

**A manual audit of all forms submitted has yet to be completed. As a result, this receipt should NOT be construed as a confirmation certificate of completion.**

**Member name : Tyler Berding**
**transaction ID : 5788668845**

**Date :12/18/2013 05:22 PM**

| Batch :V20131218 Description | TransactionDate:12/18/2013 Amount |
|---|---|
| Disciplinary Board | $600.00 |
| Pro Hac Vice Admin | $150.00 |
| Renewal Processing | $10.00 |
| Volunteer Legal Services Hawaii contribution (increase, decrease or opt-out) | $75.00 |
| **Total:** | **$835.00** |

**Thank You,**
**Hawaii State Bar Association**

**EXHIBIT "A"**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA and BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF THE HAWAII KAI PENINSULA, an unincorporated association, by its Board of Directors,<br><br>       Plaintiffs,<br><br>  vs.<br><br>PENINSULA HAWAII KAI, LLC, A Hawaii limited liability company; HEARTHSTONE, INC., a California corporation; STANFORD CARR DEVELOPMENT; LLC, a Hawaii limited liability company and DOES 1-250,<br><br>      Defendants. | CIVIL NO.: 10-1-1751-08 (PWB)<br>(Contract; Construction Defect; Other)<br><br>CERTIFICATE OF SERVICE |

S:\AcctsA-K\Hawaii Kai Peninsula\Pleadings\Short COS.doc

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof a true and correct copy of the foregoing was duly served upon the following parties at his/her last known addresses by United States mail, postage prepaid addressed as follows:

CID H. INOUYE
KRISTI L. ARAKAKI
O'Connor Playdon & Guben
Pacific Guardian Center
Makai Tower
737 Bishop Street, Fl. 24
Honolulu, HI 96813

Attorneys for Defendants
Peninsula Hawaii Kai, LLC, Hearthstone, Inc. and Stanford Carr
Development, LLC, Hawaiian Dredging Construction Company, Inc., and
Robert M. Kaya Builders, Inc.

DATED:  Wailuku, Maui, Hawai'i, December 19, 2013.

WILLIAM M. McKEON
KERI MEHLING
TYLER P. BERDING
Attorneys for Plaintiffs

The Association of Apartment Owners of The Hawaii Kai Peninsula and Board of directors of the Association of Apartment Owners of the Hawaii Kai Peninsula, et al.; Civil No. 10-1-1751-08 (PWB); CERTIFICATE OF SERVICE